WESTERN CONTRACTING CORPORATION, appellee, v. IOWA STATE TAX COMMISSION, appellant.

No. 50415.

DECEMBER 12, 1961.

Evan Hultman, Attorney General, Gary S. Gill, Special Assistant Attorney General, and William E. Adams, General Counsel assigned to the State Tax Commission, for appellant.

Kindig, Beebe & McCluhan, of Sioux City, for appellee.

LARSON, J.—With the exception of a review of the factual determination by the trial court that the plaintiff had satisfactorily shown that the items of equipment involved were not purchased for use in Iowa, no other issue appears which would justify an appeal to this court.

In the fairly recent case of Morrison-Knudsen Co. v. State Tax Comm., 242 Iowa 33, 44 N.W.2d 449, 41 A. L. R. 2d 523, rendered October 17, 1950, all of the principal questions as to the proper construction and meaning of section 423.2, Code of 1958, the statute involved herein, were clearly and fully determined. In that opinion we held that this statute must be construed in favor of the taxpayer, that it is not a tax on the use of such property in Iowa unless it was *purchased for use in Iowa,* and that whether it was so purchased is to be determined at or near the time of its purchase. We also held that in the case of a contractor such as the plaintiff herein, a general intent to use the newly-purchased equipment in any state in which it could obtain work was not the required specific intent necessary to subject the equipment purchased during the past five years to a two per cent tax on its purchase value when later used in Iowa. We reaffirm those holdings.

In addition to that decision, we find the defendant asked for and received an attorney general opinion on June 5, 1951, on the proper administrative practice required by the Morrison-Knudsen case, and was properly advised that when personal property is purchased outside the state, the imposition of the tax depends on the *intent* of the purchaser, that use outside the state prior to its entry in Iowa frees it from tax if at the time of purchase he had no intent to use it in Iowa, that if he intended to use it in Iowa, delivery is not essential and the tax applies when it is so used, that residence of the buyer, be it Iowa or some other state, is immaterial, and that *on all questions of fact as to intention the burden rests upon the taxpayer.* 1952 O. A. G., page 31. Here there is substantial evidence before the trial court, as there was there, that the property was not purchased for use in this state at the time it was acquired.

No lengthy statement of facts is required. There was no dispute in the evidence, much of it being stipulated. Plain-

tiff acquired all the involved 18 items of equipment from six months to five years prior to their use in Iowa, and when first purchased they were all used on a job then in progress in another state. Several had been used in more than one state prior to their use in Iowa. Furthermore, at the time of purchase of all items of equipment used in this state, except one spreader, plaintiff had no contract for work in Iowa, and had had none for over four years. While it had bid on jobs in Iowa during that time, over the years of its existence only 8.17% of its work was in Iowa, and during the audit period only 3.48% of its total contracts were Iowa contracts. The value of the Iowa contracts also amounted to a small percentage of the whole. While its home office was in Sioux City, no equipment was kept there. Plaintiff did business in 49 states and the District of Columbia.

Defendant contends it can go back five years to determine the taxpayer's intent and, while that may be true, the greater the lapse of time after purchase the weaker the inference that it was purchased with such an intent. No specific contract or foreseeable use, coupled with a present need of the equipment on an existing job, might well be sufficient to rebut an intent to use it in Iowa.

The trial court correctly found the one item purchased about six months prior to the Iowa use just after a contract had been awarded plaintiff in Iowa, although used first in South Dakota, would establish a prima-facie case of intent to purchase it for use in Iowa, and plaintiff failed to produce evidence sufficient to overcome that inference. Plaintiff did not appeal that determination, and the assessment upon that item stands.

As to the other items the court found plaintiff had carried its burden, that it had established by a preponderance of the evidence that this equipment had not been purchased with the required intent to use it in this state.

We have carefully gone over the record, as required in equity appeals, and find the preponderance of the evidence sustains the trial court's determination that as to 17 of the involved items plaintiff had not purchased them for use in Iowa, and thus their value at the time of purchase was not subject to the Iowa use tax.

It is noted that the cost of printing of appellee's brief and argument far exceeds the amount allowable. The excess cost of printing in the sum of $85 shall, therefore, be taxed to appellee. —Affirmed.

All JUSTICES concur except BLISS, J., not sitting.