154

CONSOLIDATION COAL CO., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 70-207—Decided February 24, 1971.)

*Messrs. Power, Jones, Bell & Schneider, Mr. Andrew T. Jones, Mr. William R. White, Messrs. Jackson, Kelly, Holt & O'Farrell* and *Mr. Thomas N. Chambers,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. R. A. Malrick,* for appellees. .

HERBERT, J. R. C. 5741.01 provides, in part:

"(B) 'Storage' means and includes any keeping or

retention in this state for use or other consumption in this state.

"(C) 'Use' means and includes the exercise of any right or power incidental to the ownership of the thing used.

"(D) 'Purchase' means acquired for a consideration, whether such consideration was effected by a transfer of title, or of possession, or of both, or a license to use or consume; whether such transfer was absolute or conditional, and by whatever means the same was effected; and whether the consideration was a price, rental in money, or exchange. * * *.

"* * *

"(F) 'Consumer' means any person who has purchased tangible personal property for storage, use, or other consumption in this state.

"(G) 'Price' means the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, by a consumer to a seller in the complete performance of the transaction by which tangible personal property has been purchased for storage, use, or other consumption in this state * * *."

Paragraph (A) of R. C. 5741.02 levies an excise tax on the storage, use, or other consumption in this state of tangible personal property. Paragraph (C)(3) of R. C. 5741.02 provides that the use tax does not apply to:

"*Property, the storage, use, or other consumption of which this state is prohibited from taxing by the Constitution of the United States, laws of the United States, or the Constitution of this state. This exemption shall not exempt from the application of the tax imposed by this section the storage, use, or consumption of tangible personal property which was purchased in interstate commerce, but which has come to rest in this state,* provided that fuel to be used or transported in carrying on interstate commerce which is stopped within this state pending transfer from one conveyance to another is exempt from the excise tax imposed by this section and Section 5739.02 of the Revised Code." (Emphasis added.)

The Supreme Court of the United States has consistently invalidated state taxation amounting to a direct taxation upon the operation of interstate commerce. Accordingly, a state tax imposed directly upon one of the means by which interstate commerce is effected has been proscribed as violative of Section 8, Clause 3, Article I of the Constitution of the United States, the so-called commerce clause. *Helson & Randolph* v. *Kentucky* (1929), 279 U. S. 245, 73 L. Ed. 683. The states have been denied the power to levy a tax on articles of commerce in continuous interstate transit, even though such articles might be at rest temporarily in the state, provided that the interruption of the passage is reasonable and in furtherance of the intended interstate transportation. *Hughes Bros. Timber Co.* v. *Minnesota* (1926), 272 U. S. 469, 71 L. Ed. 359; *Champlain Realty Co.* v. *Brattleboro* (1922), 260 U. S. 366, 67 L. Ed. 309. See, also, *Coe* v. *Errol* (1886), 116 U. S. 517, 29 L. Ed. 715.

However, a tax upon the privilege of use or storage of property purchased in another state after the property has come to rest in the taxing state, and has reached the end of its interstate transit, was upheld in *Henneford* v. *Silas Mason Co.* (1937), 300 U. S. 577, 81 L. Ed. 814, on the reasoning that such a tax is not upon the operations of interstate commerce, but is upon the privilege of use after commerce is at an end. See *Plowden & Roberts, Inc.*, v. *Porterfield* (1970), 21 Ohio St. 2d 276, 257 N. E. 2d 350.

A tax upon property which has come to rest and become a part of the common mass of property in the state is a valid exercise of the state's taxing power. As stated by Chief Justice Hughes in *Minnesota* v. *Blasius* (1933), 290 U. S. 1, 9, 78 L. Ed. 131:

"* * * the states cannot tax interstate commerce, either by laying the tax upon the business which constitutes such commerce or the privilege of engaging in it, or upon the receipts, as such, derived from it. Similarly, the states may not tax property in transit in interstate commerce. But, by reason of a break in the transit, the property may come to rest within a state and become subject to the power

of the state to impose a nondiscriminatory property tax. * * * The 'crucial question,' in determining whether the state's taxing power may thus be exerted, is that of 'continuity of transit.' *Carson Petroleum Co.* v. *Vial*, 279 U. S. 95, 101.''

The touchstone of a break in the continuity of transit is the existence of a "taxable moment," *i. e.*, a determination that interstate commerce is at an end. When the property sought to be reached under the use tax is no longer integrated in the flow of interstate commerce, a tax upon the privilege of exercising ownership rights in respect thereof does not run afoul of the prohibition against state taxation of the operation of interstate commerce. The fact that, subsequent to the "taxable moment," the property is newly inserted into interstate commerce does not affect the validity of the use tax assessment. *Southern Pacific Co.* v. *Gallagher* (1939), 306 U. S. 167, 83 L. Ed. 586; *Pacific Tel. & Tel. Co.* v. *Gallagher* (1939), 306 U. S. 182, 83 L. Ed. 595; *Tri-City Broadcasting Co.* v. *Bowers* (1959), 169 Ohio St. 126, 158 N. E. 2d 203.

The appellee contends that the interval of 18 or 19 days between delivery of the cars in Pennsylvania and the first movement of the cars in delivering coal to the appellant's customer comprises a taxable moment in this case. In its entry, the Board of Tax Appeals found, without identifying its occurrence, the existence of a taxable moment.

Appellant maintains that the cars had never "come to rest" in Ohio, within the meaning of R. C. 5741.02(C)(3), and that the record below is completely void of evidence from which a taxable moment could be found.

The only evidence before the Board of Tax Appeals bearing on the disposition of the cars during the interval between delivery and the commencement of shuttle coal delivery consists of the statements of the appellant's controller. His testimony was that delivery of the cars in Pennsylvania took place shortly after July 1, 1966, that the cars were empty when they came into Ohio, and that their "first movement [from the coal mine] was July 20,

so that would give you a period of perhaps 18 or 19 days of *movement from Greenville through whatever channels there are to get to the mine.*'' (Emphasis added.)

While this court has repeatedly announced that we will not substitu⁺⁻ our judgment for that of the Board of Tax Appeals on questions of fact (*Citizens Financial Corp.* v. *Porterfield* [1971], 25 Ohio St. 2d 53), and has held that one claiming an exemption from taxation must affirmatively show his right thereto (*Celina Mutual Ins. Co.* v. *Bowers* [1965], 5 Ohio St. 2d 12, 213 N. E. 2d 175), we have also determined that a decision of the Board of Tax Appeals is unreasonable and unlawful if a material portion thereof is unsupported by any probative evidence of record. *Citizens Financial Corp.* v. *Porterfield, supra.*

The record before us does not contain conflicting evidence upon the question of taxable moment. The sole evidence upon that issue is that there was no interruption of the continuum of interstate commerce and no local activity from which to derive a nexus between the taxing state and the use sought to be taxed.

The decision of the Board of Tax Appeals, being unsupported by any probative evidence of record, is unreasonable and unlawful and must be reversed.*

*Decision reversed.*

O'NEILL, C. J., DUNCAN, STEPHENSON, STERN and LEACH, JJ., concur.

SCHNEIDER, J., concurs in paragraph two of the syllabus and in the judgment but withholds concurrence in paragraph one of the syllabus for the sole reason that the decision renders that paragraph *obiter dictum.*

STEPHENSON, J., of the Fourth Appellate District, sitting for CORRIGAN, J.

---

*For a recent case decided by the Supreme Court of Maryland involving the question presented by this appeal and reaching a result consistent herewith see *W. R. Grace & Co.* v. *Comptroller* (1969), 255 Md. 550, 258 A. 2d 740.