Richard K. RICHARDS, and Virginia H. Richards, Appellants,

v.

IOWA DEPARTMENT OF REVENUE, Appellee.

No. 84–290.

Supreme Court of Iowa.

Jan. 16, 1985.

Rehearing Denied Feb. 18, 1985.

Richard K. Richards, pro se.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Mark R. Schuling, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This case concerns the methods which married taxpayers may use to deduct federal income tax and itemized deductions from their Iowa income when they file separate Iowa income tax returns. The Iowa Department of Revenue (department) assessed additional Iowa income taxes against Richard K. Richards and Virginia H. Richards (taxpayers) for the year 1980, because they neither proved the amount of deductions each had paid nor prorated their deductions according to each spouse's contribution to their combined total income. The district court on judicial review affirmed the department's determination of the amount of additional tax due. We affirm.

The taxpayers, husband and wife, separately filed 1980 Iowa income tax returns on a combined form. They applied all their itemized and federal income tax deductions to reduce the total income of the husband who earned substantially more than his wife. Upon review of their return, the department determined that the taxpayers should have allocated the deductions in proportion to each spouse's share of their combined incomes, 83% to the husband and 17% to the wife. Accordingly, it assessed them an additional $678.86 for the 1980 tax year. The taxpayers protested this assessment.

Following an administrative hearing at which the taxpayers declined the opportunity to present additional evidence, the department issued proposed and final deci-

sions upholding the assessment of additional tax. Upon judicial review of the final agency order, the district court upheld the tax assessment, determining that the department had correctly applied pertinent statutes and regulations to the evidence in the administrative record. This appeal followed.

■ The district court's decision discloses that it correctly reviewed the administrative record and the department's orders in accordance with the provisions of Iowa Code section 17A.19(8) which are applicable to contested case proceedings. This court, like the district court, functions in an appellate capacity to correct any errors of law on the part of the agency. *Lefebure Corp. v. Iowa Department of Job Service*, 341 N.W.2d 768, 770 (Iowa 1983). The agency's decision must be supported "by substantial evidence in the record made before the agency when that record is viewed as a whole." Iowa Code § 17A.19(8)(f); *Mount Pleasant Community School District v. Public Employment Relations Board*, 343 N.W.2d 472, 476 (Iowa 1984).

■ Substantial evidence supported the findings of fact on which the department relied, and the taxpayers do not now contend that the department's orders were factually deficient. The dollar amount of deductions was never in dispute. The department simply contended that the deductions must be prorated between the husband and wife because the taxpayers had not shown that the husband paid more than his proportionate share of their Iowa income. The pivotal finding of fact, unchallenged in this appeal, is that the husband did not prove that he had paid all of the federal income taxes and itemized deductions which he attempted to deduct from his own income. The taxpayers concede that they offered no such proof even though they had the burden to show that the department's assessment was erroneous. *See City of Ames v. Iowa State Tax Commission*, 246 Iowa 1016, 1025, 71 N.W.2d 15, 21 (1955).

The taxpayers contend that the department's ruling was unlawful because it was contrary to the letter and intent of the statute governing allocation of the deductions in question on their 1980 returns, Iowa Code section 422.9 (1979). Consequently, the test of Iowa Code section 17A.19(8) which is here determinative is whether "substantial rights" of the taxpayers have been prejudiced because the agency action was "in violation of ... statutory provisions" or "affected by other error of law." Iowa Code §§ 17A.19(8)(a), (e).

The department relied upon the same statutory authority as the taxpayers. Iowa Code section 422.9 provided in pertinent part:

In computing taxable income of individuals, there shall be deducted from net income the larger of the following amounts:

1. An optional standard deduction....

2. The total of contributions, interest, taxes, medical expense, nonbusiness losses and miscellaneous expenses deductible for federal income tax purposes under the Internal Revenue Code of 1954, with the following adjustments:

a. Subtract the deduction for Iowa income taxes.

b. Add the amount of federal income taxes paid or accrued as the case may be, during the tax year, adjusted by any federal income tax refunds. Provided, however, that where married persons, who have filed a joint federal income tax return, file separately, *such total shall be divided between them according to the portion thereof paid* or accrued, as the case may be, *by each.*

(Emphasis added). The department maintains that the emphasized language precluded the taxpayers from allocating all the federal income taxes and itemized deductions paid by both parties to the husband's income alone. It also cites, as authority for proration, two department rules designed to implement that statute. Rule 41.3 pertaining to the federal income tax deduction provided:

Federal income taxes paid or accrued during the tax year are a permissible

deduction for Iowa income tax purposes. Taxpayers who are not on an accrual basis of accounting shall deduct their federal income taxes in the year paid. Deductible federal income taxes for cash basis taxpayers shall include:

a. The entire amount of federal income tax withheld during the taxable year from compensation of the taxpayer. The actual federal income tax withheld from wages earned by either or both spouses must be deducted by each in accordance with wage statement(s) and may not be prorated between the spouses.

b. *Tax paid at any time during the taxable year on a declaration of estimated tax or on any amendment to such declaration.* Where a husband and wife file separately or separately on a combined Iowa return, *the estimate of federal income tax shall be prorated between the spouses by the ratio of each spouse's income not subject to withholding to total income not subject to withholding of both spouses.* If a declaration of estimate tax or portion thereof is made for self-employment tax, then the spouse that has earned the self-employment income shall deduct that amount of estimate tax designated as self-employment tax.

c. Any additional federal tax on a prior federal return paid during the taxable year. Where a husband and wife file separately or separately on a combined Iowa return, additional federal tax paid shall be prorated between the spouses by the ratio of net income reported by each spouse to total net income of both spouses in the year for which the additional federal tax was paid. If additional federal tax paid includes federal self-employment tax, then that amount of self-employment tax shall be deducted by the spouse that earned the self-employment income.

d. Any refund of federal income tax received during the taxable year must be used to reduce the amount deducted for federal income tax to the extent the refunded amount was deducted on the Iowa return in a prior year. When a husband and wife file separately or separately on a combined Iowa return, the federal income tax refund to be reported shall be prorated between the spouses by the ratio of net income reported by each spouse to total net income reported by both spouses. If an amount of self-employment tax is required to be added back to Iowa net income, then the spouse that earned the self-employment income which generated the self-employment tax shall report that amount as an addition to net income.

730 Iowa Admin.Code § 41.3 (emphasis added). Rule 41.6, entitled "Itemized deductions—separate returns by spouses," provided:

> *Where both spouses itemize deductions, the deductions must be divided between them in the ratio that each spouse's separate Iowa net income bears to the total Iowa net income of both spouses unless each spouse can show that he or she paid for or is entitled to accrue the deductions.* It will be presumed that the deductions are paid by both spouses and must be prorated if the *deductions were paid from a joint checking account of both spouses.* In any event, *all itemized deductions must either be prorated between spouses or must be specifically deducted by the spouse that paid for the deductions.* No combinations of the two methods will be permitted.
>
> *This rule is intended to implement Iowa Code section 422.9.*

730 Iowa Admin.Code § 41.6 (emphasis added).

The taxpayers' principal contention throughout these proceedings has been that section 422.9 unequivocally provides for one method, and one method only, for allocating deductions between cash basis taxpayers. That method, they insist, is that deductions must be divided between married taxpayers "according to the portion thereof paid ... by each." Iowa Code § 422.9(2)(b) (1979). The taxpayers contend that the statute's wording excludes

any pro rata allocation of the deductions according to income, the method provided for in the regulations and applied by the department.

For two reasons we reject the taxpayers' contention that the statute permits only a single method of allocation.

 First, we read the quoted statute and department rules together, not as unrelated provisions. The rules explicitly provide that they are intended to implement this particular statute. 730 Iowa Admin. Code § 41.6. Administrative rules have the force of law and are presumed valid. *Milholin v. Vorhies*, 320 N.W.2d 552, 554 (Iowa 1982); *Davenport Community School District v. Iowa Civil Rights Commission*, 277 N.W.2d 907, 909 (Iowa 1979). The taxpayers here did not challenge the validity of these rules before the agency or the district court, and they are foreclosed from attacking the rules for the first time in this appeal. *Easter Lake Estates, Inc. v. Iowa Natural Resources Council*, 328 N.W.2d 906, 910 (Iowa 1982); *Buchholtz v. Iowa Department of Public Instruction*, 315 N.W.2d 789, 794 (Iowa 1982). Read together, the statute and department rules clearly provide for alternate methods of allocating deductions in the manner explicitly provided by rule 41.6:

> [A]ll itemized deductions must either be prorated between spouses or must be specifically deducted by the spouse that paid for the deductions.

730 Iowa Admin.Code § 41.6.

A second reason we reject the taxpayers' interpretation of the statute is that they entirely fail to prove that the department's interpretation of the statute and regulations prejudiced their substantial rights. A showing of prejudice is a prerequisite to the granting of relief in judicial review proceedings. Iowa Code § 17A.19(8). The taxpayers were provided several opportunities to offer proof as to just what dollar amount of their deductions he and his wife each paid. The taxpayers offered no proof whatsoever to support the contention that the husband should receive the full dollar amount of the deductions because he paid

them. The taxpayers therefore did not show that they would be benefited by their own narrow interpretation of section 422.9. We concur in the hearing officer's comment about the taxpayers' reliance on that interpretation:

> There is no factual basis in this case to which that contention would apply, therefore any discussion of the mandates of that section would be a theoretical discussion not applicable to the facts of this case.

We have considered each of the taxpayers' challenges to the department's assessment of additional taxes due and find they are without merit. The district court correctly upheld the department's assessment of additional Iowa income taxes owed by the taxpayers.

AFFIRMED.