Richard EARLE, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF HUMAN
SERVICES, Respondent-Appellee.

No. 86–1180.

Court of Appeals of Iowa.

June 24, 1987.

Kevin G. Magee, Legal Services Corp. of Iowa, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for respondent-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

The petitioner appeals the district court order which affirmed the Department of Human Services' action which disqualified him from the Aid to Dependent Children-Unemployed Parent Program (ADC–UP) and the Community Work Experience Project (CWEP). We affirm.

In 1984, the petitioner, Richard Earle, was receiving ADC benefits. On January 12, 1984, he was designated as a mandatory CWEP registrant. Earle was assigned to work at the Fayette County Conservation office. His assignment was to work four days per week, eight hours per day, for a total work week of thirty-two hours. Prior to starting work, Earle signed a statement entitled "Your Rights and Responsibilities," which required him to accept the work assignment under certain conditions and to actively seek employment.

On August 1, 1985, Earle was instructed that he had not been working enough hours and that prior notice had to be given for face-to-face interviews which Earle scheduled. In September 1985 Earle notified his supervisor that he would not be at work on September 11 due to a funeral and that he might not be there September 12 and 13 because of job interviews. His supervisor told him to let the supervisor know for sure

about the interviews. Earle claims he did call on September 11 but received no answer. No further attempt was made to contact the job site. As a result of this incident, Earle was notified of his termination of benefits.

 On appeal, this court will review the record for errors of law and for the substantiality of the evidence, to determine if our conclusions are the same as those of the district court. *See Richards v. Iowa Department of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985); *Northwestern Bell Telephone Company v. Iowa State Commerce Commission*, 359 N.W.2d 491, 495 (Iowa 1984). Our supreme court has recently affirmed the principle that final agency decisions in "contested cases" should be affirmed by district and appellate courts when there is no error of law and the decision is supported by substantial evidence in the record as a whole. *Heatherly v. Iowa Department of Job Service*, 397 N.W.2d 670 (Iowa 1986). The substantial evidence test is applied to agency findings of fact. *Quenot v. Iowa Department of Job Service*, 339 N.W.2d 624, 626 (Iowa App.1983). Where, on the other hand, an agency's legal conclusions are challenged on judicial review, the court examines legal questions by examining the whole record and may substitute its legal judgment for that of the agency. *Cook v. Iowa Department of Job Service*, 299 N.W.2d 698, 701 (Iowa 1980). Deference will be given to an interpretation of a statute by the offices or agency charged with its administration. *Giordano v. Roudebush*, 617 F.2d 511, 516 (8th Cir.1980). However, though we give weight to the agency's interpretation, it is not binding on us. *Quenot*, 339 N.W.2d at 626.

 Earle concedes that the findings of the district court are clearly supported by substantial evidence. He asserts that as a matter of law the agency cannot apply the work search requirement of CWEP so as to make him ineligible for CWEP and ADC–UP benefits for missing too much work.

We cannot accept Earle's invitation to declare that the regulations of CWEP can never operate so as to disqualify a person who is absent from work for job interviews, regardless of the pertinent circumstances. The purpose of the programs that Earle was participating in were summarized by the Department of Human Services hearing officer in this case:

> The ADC–Unemployed Parent program is designed to provide assistance or support because of a parent's unemployment. The main purpose of ADC–UP is to get people back into the labor market. In 1982, the 69th General Assembly established the Community Work Experience Program (CWEP) for use in conjunction with the unemployed parent program. The purpose of CWEP is to provide services of benefit to the community and work experience for ADC–Unemployed Parent recipients.

> In counties with an operating Unemployed Parent Community Work Experience Program, all principle wage earners in unemployed parent cases shall be required to register for and participate in the Community Work Experience Program (CWEP) as a condition of receiving Aid to Dependent Children assistance unless they qualify for an exemption.

The provisions in 441 Iowa Administrative Code section 59.6(5)–(7) describe the procedures the administrative agency is expected to follow in the event of unacceptable work performance:

> 59.6(5) The CWEP coordinator in the county or agency shall notify the department no later than one (1) working day after receipt of information that a participant begins or terminates a work site assignment or refuses to participate without good cause as defined in 59.6(2) and 59.6(6) using CWEP Participation Status Report, PA–4107–5. Refusal occurs when:

> a. A participant refuses to appear for a scheduled appointment.

> b. A participant refuses a work assignment.

> c. A participant has more than one (1) unexcused absence.

> d. A participant is more than fifteen (15) minutes late for work without being

excused on three (3) occasions within a three (3)–month period.

e. A participant appears at the work site under the influence of alcohol or drugs.

f. A participant's performance continues to be unsatisfactory after being notified by the county or agency of unacceptable performance and what is necessary to make performance acceptable. This notification may be oral, but shall be documented to the participant in writing.

g. A participant physically threatens staff or coworkers. A physical threat is defined as:

(1) Having a dangerous weapon in one's possession and either threatening with or using the weapon.

(2) Committing assault.

h. A participant continues an offense after being notified that the participant's behavior is disruptive and in what manner it is disruptive.

i. A participant refuses to complete a physical examination.

59.6(6) The county, agency or organization shall allow absence, lateness, and missed appointments due to illness, family emergency including need for emergency child care, bad weather, lack of transportation, or job search activities of the participant or the participant's spouse. The department, county or agency may require written documentation signed by a health practitioner licensed in Iowa to verify when illness is habitual or a participant is ill more than three (3) consecutive days. The department, county or agency may require verification of family emergency, lack of transportation or job search activities. It is the responsibility of the participant to notify the work site supervisor as soon as possible that one of these events has occurred and the expected duration. If the duration is more than five (5) consecutive days, the county or agency shall notify the department.

59.6(7) When the county or agency believes that a participant is in violation of a community work experience requirement as specified in these rules, the county or agency shall notify the department in writing, with a copy to the participant. The notice shall include the name of the participant, the alleged violation, a summary of the facts including dates and times the violations occurred, and the name and address of the individual(s) with knowledge of the facts. After the county or agency has issued this report, it shall instruct the participant not to appear at the work site.

These are reasonable regulations designed to ensure good faith participation in the program, maintain the integrity of the program, and ensure equal treatment of program participants. We see little merit in Earle's position that the policy underpinning the liberal work search provisions is such that it obliterates reasonable regulations on job performance by participants in CWEP.

The trial court confirmed the agency's interpretation of its governing statutes. We agree that the agency's interpretation was appropriate. *See Giordano*, 617 F.2d at 516. Since the parties agree there was substantial evidence for the district court's findings and we have found no error of law, we affirm.

AFFIRMED.