**Carroll C. GRUDLE, Appellee,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellant.**

No. 88–1785.

Supreme Court of Iowa.

Jan. 24, 1990.

Rehearing Denied Feb. 16, 1990.

---

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Gerald A. Kuehn, Asst. Atty. Gen., for appellant.

Scott H. Peters and Scott J. Rogers of the Peters Law Firm, P.C., Council Bluffs, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO and SNELL, JJ.

SCHULTZ, Justice.

This appeal arises from the assessment of a consumer use tax by the Iowa Department of Revenue and Finance (department) upon Carroll Grudle (owner). This assessment was predicated on his ownership of trucks and trailers used exclusively in his interstate trucking business. The owner protested the assessment, claiming that the trucks and tractors were not purchased for use in Iowa. However, the department, in final agency action, upheld the assessment. The department found that the owner had stored and maintained the trucks in Iowa between interstate trips and concluded that this period of time was a "taxable moment," allowing the imposition of the state use tax. The district court on judicial review reversed the agency, and the department appeals. We affirm.

I. The facts are undisputed. The subjects of the use tax were four truck trailers and three truck tractors. The owner purchased three trailers and one tractor in Iowa and the rest out of state. The owner is exclusively an interstate trucker. The trucks haul products to and from Iowa. Occasionally, between trips, the vehicles are serviced or stand idle on the owner's farm in Iowa where he conducts his business. These intervals are for short periods of time; the longest period reported in the two and one-half year audit was for two months.

This appeal presents legal rather than fact issues. Central to all of the legal issues is the interpretation of the use tax statute, Iowa Code section 423.2 (1985). This section provides in part "[a]n excise tax ... on the use in this state of tangible personal property purchased for use in this state, at the rate of four percent of the purchase price of the property." *Id.*

The district court, acting in an appellate capacity, concluded that neither section 423.2 nor any agency regulation provided that a "period of idleness" of an interstate vehicle is a "taxable moment." Consequently, the court concluded that no authority existed for such taxation on an interstate hauler who lays over in Iowa for several days or more. The court also adopted the alternative holding that a 1985 legislative change [1] reinstating an exemption from use tax for interstate commerce was remedial, and thus could be applied

---

1. Exemptions from use tax are provided in Iowa Code section 423.4. Prior to 1973, this section provided an exemption from taxation for "[t]angible personal property used in interstate transportation or interstate commerce." *Id.* Legislation deleted this subsection dealing with interstate commerce. 1973 Iowa Acts ch. 249, § 1.

This exemption was reinstated, in part, by the action of the legislature on May 4, 1985, effective July 1, 1985, adding subsection 10 to the present section 423.4. This subsection exempts vehicles weighing thirteen tons and over "used substantially in interstate commerce." 1985 Iowa Acts ch. 231, § 19.

retroactively to exempt the owner from the assessment of a use tax.

■ On appeal, the department challenges both conclusions drawn by the district court. Our function, like that of the district court, is to correct any errors of law on the part of the department. *Richards v. Iowa Dep't of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985). As we agree with the district court's first conclusion, we do not address the retroactivity of the legislative change.

II. The use tax imposed by the State on the owner's vehicles used exclusively in interstate commerce raises a constitutional problem. The commerce clause, article I, section 8, clause 3 of the United States Constitution, gives Congress the power to regulate commerce between the various states. The Supreme Court in *Spector Motor Service, Inc. v. O'Connor*, 340 U.S. 602, 609–10, 71 S.Ct. 508, 512–13, 95 L.Ed. 573, 578–79 (1951), held that a state tax on an activity exclusively in interstate commerce violated the commerce clause. *See also Northwestern States Portland Cement Co. v. Minnesota*, 358 U.S. 450, 458, 79 S.Ct. 357, 362, 3 L.Ed.2d 421, 427 (1959); *Freeman v. Hewit*, 329 U.S. 249, 252–54, 67 S.Ct. 274, 276–77, 91 L.Ed. 265, 271–73 (1946).

Despite these rulings, the various states sought to collect a fair share of revenue from such property by taxing its use during a break in the flow of its interstate activity. The courts were prone to allow such taxation, coining the term "taxable moment" to describe this period of time when the property was not used in interstate commerce. *Atchison, T. & S.F. R.R. v. State Bd. of Equalization*, 139 Cal. App.2d 411, 421, 294 P.2d 181, 187–88 (1956); *Inter-state Nurseries, Inc. v. Iowa Dep't of Revenue*, 164 N.W.2d 858, 864–65 (Iowa 1969); *Michigan–Wisconsin Pipe Line Co. v. Johnson*, 247 Iowa 583, 589, 73 N.W.2d 820, 824 (1955).

The Supreme Court later overruled *Spector* and relaxed its rule by holding that interstate commerce might be taxed by a state if a four-prong test was met. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). Applying this test a state tax withstands scrutiny under the commerce clause if "the tax is applied to an activity with a substantial nexus with the taxing State, is fairly apportioned, does not discriminate against interstate commerce, and is fairly related to the services provided by the State." *Id.* at 279, 97 S.Ct. at 1079, 51 L.Ed.2d at 331.

These two doctrines have a major difference in approach. The "taxable moment" doctrine only allows the taxation of property during a time period when it is not used in interstate commerce. On the other hand, *Complete Auto* tells us that property used in interstate commerce may be taxed by the state if the four-prong test is met. In this appeal the department embraces both doctrines.

III. The department's initial claim on appeal is that the owner is subject to the imposition of the tax if the *Complete Auto* test is met. The department points out that we adopted this test in *Atchison, Topeka, & Santa Fe Railroad v. Bair*, 338 N.W.2d 338, 347–48 (Iowa 1983), *cert. denied*, 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984), and *Kartridg Pak Co. v. Department of Revenue*, 362 N.W.2d 557, 561 (Iowa 1985).

■ We conclude that the department's request to apply the *Complete Auto* test to the assessed use tax is improper in view of the proceedings before the agency prior to this appeal. In reviewing agency action, the district court and the appellate court may only review issues considered and decided by the agency. *Meads v. Iowa Dep't of Social Servs.*, 366 N.W.2d 555, 559 (Iowa 1985).

Prior to appeal, the department did not seek to impose a tax on the interstate use of the vehicles. Apparently the use tax was not imposed pursuant to Iowa Code section 423.7 (1985)[2] when the vehicles were registered and the owner obtained a certificate of title. In preparing his work

---

**2.** Section 423.7 requires the collection of use tax from the purchaser of a vehicle prior to registration of the vehicle and the issuance of a certificate of title.

sheet during the tax audit that led to this assessment, the auditor referred to "taxable moments" and set out the "off duty times" of each vehicle as shown by the owner's vehicle logs. Prior to the hearing, the department's attorney specified in a letter that "[t]he department's position has consistently been that vehicles involved in layovers in Iowa between interstate trips and those which make Iowa their home base, experience taxable moments in Iowa per rule 730 I.A.C., section 33.6.[3]" At all times during the agency hearing, the department's sole legal theory for the assessment of the use tax was based on the principle that its authority to assess the tax was derived from a break in the interstate use of the vehicle constituting a "taxable moment." The department did not claim that it had the right to tax the vehicle's activities in interstate commerce. The owners had no reason to present evidence relevant to the four-prong test of *Complete Auto*. The "taxable moment" theory was the only issue reviewed by the department in its final decision.

The department's auditor at the protest hearing also spoke of an additional taxable moment occurring between the time of the purchase of four vehicles in Iowa and their use in interstate commerce. However, this was not the issue before the hearing officer. The department's final decision properly addressed only the "off duty" or "layover" issue.

Consequently, we do not address issues concerning the general imposition of a use tax on interstate commerce and the application of the "taxable moment" doctrine to the time between a vehicle's purchase and its placement in interstate service. These issues were not litigated before the department. We add that the failure to address the right to tax interstate commerce is not likely to occur again, because the legislature at the time of imposition of this tax had already provided an exception for property used in interstate commerce. This exemption went into effect on July 1, 1985, a few weeks after this assessment. We now turn to the "taxable moment" issue.

■ IV. The department claims that the owner's vehicles were not used exclusively in interstate commerce because they came to rest in Iowa between trips. In addition to the rest periods between trips, the owner testified that, at times, maintenance and repairs were performed on the vehicles to comply with the rules and regulations of the Interstate Commerce Commission. The district court held that such periods of idleness did not interrupt the vehicle's interstate use and were not taxable moments.

The issue here is whether the owner's vehicles were taken out of interstate service and used in Iowa when such vehicles were standing between trips or being repaired. We need not address whether the vehicles were purchased for use in Iowa. *See Western Contracting Corp. v. Iowa State Tax Comm'n*, 253 Iowa 365, 367, 112 N.W.2d 326, 327 (1961); *Morrison–Knudsen Co. v. State Tax Comm'n of Iowa*, 242 Iowa 33, 36, 44 N.W.2d 449, 451 (1951).

Our court has, on several occasions, allowed the taxation of property generally used in interstate commerce. *Inter-state Nurseries*, 164 N.W.2d at 864–65 (the storage of catalogs for even a short period between their shipment in state and their mailing out of state was an interruption in interstate commerce and a use in Iowa); *Chicago, B. & O. R.R. v. Iowa State Tax Comm'n*, 259 Iowa 178, 187, 142 N.W.2d 407, 412 (1966) (the storage of fuel oil between its shipment into the state by interstate commerce and its later use in interstate commerce produced a taxable moment); *Northern Natural Gas Co. v. Lauterbach*, 251 Iowa 885, 893, 100 N.W.2d 908, 913 (1960) (a taxable moment occurs between the delivery of pipes from out of state, while they are lying dormant, and prior to their being placed in the ground and used in interstate commerce). These cases all show a gap in time between the transportation of the property into the state and the use of the property in interstate commerce.

The situation in the present case is analogous to the use of motor vehicles set forth in *Bruce Motor Freight, Inc. v. Lauter-*

---

**3.** This rule is presently codified at 701 Iowa Administrative Code 33.6 (1986).

*bach,* 247 Iowa 956, 77 N.W.2d 613 (1956), where the owner added safety equipment to those vehicles used in interstate commerce in order to comply with the motor vehicle laws in the various states where they operated. When a use tax was imposed upon the vehicles based on the claim that they were at rest and subject to the tax, we held that this was not a taxable moment. *Id.* at 967, 77 N.W.2d at 620. At that time, the use of property in interstate commerce was an exception to the use tax. Implicit in our holding was that the vehicles remained in interstate commerce even while they were at rest for the purpose of adding safety equipment. *See Chicago, B. & O.,* 259 Iowa at 187, 142 N.W.2d at 412. Likewise, we conclude that there was no interruption of interstate use when the vehicles were at rest either awaiting another trip or being repaired to keep them in condition for interstate use.

We believe that the general rule in other jurisdictions is that a "taxable moment" is not triggered by the temporary cessation of interstate transportation because of required repairs, maintenance or temporary idleness between trips. The Utah court rejected claims that a taxable moment occurred when train engines were temporarily standing still while being repaired. *Union Pac. R.R. v. Utah State Tax Comm'n,* 110 Utah 99, 103–04, 169 P.2d 804, 806 (1946). It stated that "[t]he maintenance of the instrumentalities of interstate commerce in the course of their use in that commerce is as much in the furtherance of commerce as the actual operation therein." *Id.* The Maryland court rejected the claim that locally-leased property was subject to a tax when it was inactive for a short period.

> The fact that an instrument of interstate commerce is brought into a state and for a short period of time is not actively engaged in, or being used or consumed in, interstate commerce because temporarily standing still and inactive, does not constitute a withdrawal of that instrument from interstate commerce....
>
> ....
>
> ... "Storage" connotes removal of the object from service.... All physical

equipment used in interstate commerce must, of necessity, be temporarily out of such use from time to time, if for no other reason than to be refueled, repaired and maintained.

*W.R. Grace & Co., Davison Chem. Div. v. Comptroller of the Treasury, Retail Sales & Use Tax Divs.,* 255 Md. 550, 562–65, 258 A.2d 740, 746–47 (1969). *See also Cargill, Inc. v. Lindley,* 4 Ohio St.3d 210, 448 N.E.2d 148, 151 (1983) (no local use or activity found when railroad cars sit idle until time to load them); *Consolidation Coal Co. v. Porterfield,* 25 Ohio St.2d 154, 157–8, 267 N.E.2d 304, 307–08 (1971) (use tax may not be placed on railroad cars used in interstate commerce when they are temporarily at rest in the state because their use in interstate commerce is not at an end). Cases from other jurisdictions cited in the department's brief generally contained facts showing a cessation of interstate travel with a gap before the property was placed in interstate use. These cases are not authority for the proposition that the temporary rest or necessary repair of a vehicle terminates its use from interstate commerce.

V. In summary, we conclude that the trial court properly overruled the holding of the department which imposed a use tax on the owner's vehicles.

AFFIRMED.