ASSOCIATES LEASING,
INC., Appellant,

v.

IOWA STATE DEPARTMENT OF REVENUE AND FINANCE, Appellee.

No. 89–869.

Supreme Court of Iowa.

May 23, 1990.

Thomas E. Leahy of Grefe & Sidney, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Harry M. Griger, Special Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

Iowa's use tax, found in Iowa Code chapter 423 (1987), was enacted to complement our sales tax by removing a buyer's temptation to purchase goods out of state to avoid payment of a sales tax. As the name suggests, the tax is on the use of such goods in Iowa, not their purchase. *See Inter–State Nurseries, Inc. v. Iowa Dep't of Revenue,* 164 N.W.2d 858, 861 (Iowa 1969). Associates Leasing, Inc., purchased several tractors and trailers outside Iowa for use in interstate commerce. It did not pay a use tax in Iowa, claiming a statutory exemption. The department of revenue ruled that the exemption did not apply to several of Associates' vehicles, because "taxable moments" had occurred in the use of the vehicles. On judicial review, the district court affirmed the department. We reverse and remand.

Associates is a corporation with its principal place of business in Connecticut. It bought several tractors and trailers and leased them to Holiday Leasing Corporation which, in turn, leased them to Holiday Express Corporation. Holiday Express, an Iowa corporation with its principal place of business in Estherville, was the operator of the units.

Holiday Express is an interstate motor carrier with authority in forty-eight states, and its vehicles are registered as interstate vehicles under Iowa Code chapter 326. From July 1, 1984, to June 30, 1985, Holiday Express vehicles traveled 16.51% of their total mileage in Iowa and 83.49% out of state. These percentages, according to Associates' evidence, were fairly typical of its operations.

I. The use tax exemption primarily involved in this case, Iowa Code § 423.4(7), provides:

The use in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this chapter:

. . . .

7. Vehicles, as defined in subsections 4, 6, 8, 9 and 10 of section 321.1 [motor truck, truck tractor, road tractor, trailer and semitrailer], . . . when purchased for lease and actually leased to a lessee for use outside the state of Iowa and the *subsequent sole use* in Iowa is in inter-

state commerce or interstate transportation. This subsection shall be retroactive to January 1, 1973.

(Emphasis added.)

The hearing officer made the following findings, which are critical to the exemption claim:

5. The Driver's log sheets in Exhibit 4 correspond to the entries beginning on page 2 of the audit report (Exhibit 5). When the driver is "off duty", the vehicle may be in the Holiday Express shop at Estherville, Iowa. The vehicles were not necessarily parked or idle during all of each "off duty" period. "Safety repair or inspection or maintenance work" is done at Estherville. All Holiday Express vehicles are at Holiday's shop and yard in Estherville when not in use.

6. Exhibit 5 lists the vehicles in question by unit number and shows each vehicle in question "off duty" at Estherville for periods ranging from 3 days to 9 days, or, intrastate trips where a vehicle was "picked up" in one Iowa city and was "dropped off" in another Iowa city. Tractors 1102, 1076, 1094 and 1100 made intrastate trip[s] pulling trailers from one Iowa city to another.

7. Trailers 987, 983, 979, 977, 975, 973, 969, 931, 927, 925, 923 and 921 carried cargoes from one Iowa city to another. Trailer 919 made an intrastate trip and was "off duty" for 3 days at Newton, Iowa.

8. The assessment at issue in this matter was for the period from April 1, 1981 through December 31, 1985.

9. Merle Johnson testified concerning "off duty" periods, however, the testimony was in general terms and did not specifically contradict any of the preceding findings of fact.

Based on these facts the department ruled that the vehicles had lost their tax-exempt status as interstate vehicles because "taxable moments" had occurred in their use, and that their "sole use" was no longer in interstate commerce as required by section 423.4(7). We explained the concept of the "taxable moment" in *Northern Nat-*

*ural Gas Co. v. Lauterbach,* 251 Iowa 885, 893, 100 N.W.2d 908, 913 (1960):

[I]t is quite clear there is no legal impediment to the assessment and collection of the Iowa use tax upon tangible personal property purchases in another state and brought into this state if no sales or use tax has been previously assessed against it and if it has reached a "taxable moment" when it has arrived at the end of its interstate transportation and not yet being used or consumed in another interstate operation. While it lies dormant as a part of the mass of property in the state not yet converted to any use or purpose, it is not "tangible personal property used (a) in interstate transportation or interstate commerce." The legislature did not intend section 423.4(2) to include property because it is about to be used or may be used in interstate transportation or commerce.

*See also Grudle v. Department of Revenue and Finance,* 450 N.W.2d 845, 847–48 (Iowa 1990).

While the exemption under Iowa Code section 423.4(7) turns on a vehicle's "sole" use in interstate commerce rather than the concept of the "taxable moment," the principles underlying the two concepts are similar. Despite the department's contention that our cases involving use tax exemptions have never referred to the principle of the "taxable moment," we believe cases turning on the taxable moment principle are pertinent here. When the interstate nature of a use has terminated, we have held that a "taxable moment" occurs even though the subject property might later re-enter the stream of interstate commerce. *See Inter–State Nurseries, Inc.,* 164 N.W.2d at 866. Using the language of section 423.4(7), a vehicle's "sole" use in interstate commerce would also terminate at that time.

The department's ruling that the sole use of Associates' vehicles was not in interstate commerce was based on its audits of drivers' logs which indicated that each of the vehicles in question was at some time "stored or parked in Iowa between interstate trips (either loaded or empty), or was

in Iowa for repairs not shown to be exempt as a part of interstate commerce." The burden of proving error on the part of the department is on Associates, as the taxpayer. *See Richards v. Iowa Dep't of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985).

In *Grudle*, we adopted the prevailing rule in other jurisdictions that a taxable moment does not necessarily occur simply because there is a cessation of interstate transportation because of required repairs, maintenance, or temporary idleness. Maintenance of the vehicles and rest for their drivers are as much a furtherance of interstate commerce as the actual operation of the vehicles. *See Grudle*, 450 N.W.2d at 849. We believe the rationale of *Grudle* controls on the question of whether the "sole use" of the interstate vehicles has terminated when they come to rest for purposes of maintenance or driver's rest.

The department seems to take the term taxable moment too literally. It would be an unduly restrictive view of the rationale underlying exemption for interstate carriers if the use tax were allowed to simply float overhead and wait for a vehicle to pause in its interstate travels before seizing it. That seems to be the case here. A reasonable accommodation to the vehicles and their drivers must be given so that the necessary adjuncts of interstate transportation such as maintenance and rest will not result in the loss of the tax exemption.

There is another facet to this case, one which was not involved in *Grudle:* several units were shown by the drivers' logs to have had trips originating and ending within the State of Iowa. The department contends that this establishes an in*tra*state operation which defeats the exemption of section 423.4(7). Associates concedes that this is true as to two of its units, Nos. 981 & 1096, but it resists as to the remaining units.

There was testimony by the vice president of Holiday Express that drivers' logs do not provide adequate evidence, alone, to determine that a unit has been involved in intrastate use. For example, a driver's log showing that the driver is off the road and, presumably at home, does not necessarily

mean that his unit has ceased to be involved in interstate commerce. The vehicle might be in the shop for maintenance or repairs, and this would not be considered to be beyond the realm of interstate commerce. *See Grudle*, 450 N.W.2d at 849.

The Holiday officer testified that in-state trips by its vehicles sometimes consisted of merely pulling empty trailers from Estherville to other points in Iowa, to be loaded for interstate shipment, or to allow pooling of cargo for interstate shipment. Several such trips in the present case resulted in use tax assessments against the units involved.

We believe this demonstrates that drivers' logs should not be determinative as to the interstate or intrastate nature of a vehicle's use, and that the department applied erroneous principles of law in concluding: (1) that "off duty" time as shown by the drivers' logs necessarily constitutes a "taxable moment." *See Grudle*, 450 N.W.2d at 849; and (2) that the fact that a trip begins and ends within the State of Iowa necessarily constitutes an end to the "sole use" of the vehicle in interstate commerce.

In regard to the latter question, the department should determine whether the intrastate movement of the vehicle was for the purpose of pooling the cargo, to loading and unloading cargo as a necessary part of its interstate shipment, or for other purposes necessarily intertwined in its interstate shipment. If the intrastate movement of vehicles is only for the purpose of furthering the interstate transportation of goods or vehicles, it is not a cessation of the interstate transportation so as to deny the carrier the exemption under Iowa Code section 423.4(7).

II. Associates also argues that it is entitled to an exemption under Iowa Code section 423.4(10) which exempts from use tax all interstate vehicles which are registered under chapter 326. The department counters that the exemption under section 423.4(10) is inapplicable, because it was not effective as of the time the use tax on these vehicles was payable. We agree that

there is nothing expressly stated in the statute to make its exemption provisions retroactive, and this section, effective July 1985, was not effective for use taxes accrued prior to the effective date.

The department concedes that three units, numbered 1092, 1098, and 1104, qualify for the use tax exemption of section 423.4(7). As to the remainder of the vehicles (with the exclusion of those units which Associates agrees are subject to the tax), it is necessary that the department conduct further hearings to determine under the standards enunciated in *Grudle* as to the temporary cessation of movement, and this opinion respecting the intrastate movement of the vehicles, to determine whether the exemption of section 423.4(7) is applicable. Accordingly, we reverse and remand this case to the department to conduct further hearings.

REVERSED AND REMANDED.