**ASHLAND OIL, INC., Appellee,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellant.**

No. 89–0591.

Supreme Court of Iowa.

Feb. 21, 1990.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and James D. Miller, Asst. Atty. Gen., for appellant.

E. Kevin Kelly of Hanson, Bjork and Russell, Des Moines, and Larry A. Carver, Ashland, Ky., and William R. Buzo, Lexington, Ky., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Ashland Oil, Inc., (Ashland) is a Kentucky corporation with income reportable in Iowa. After being advised that final federal income tax adjustments had been made as to tax years 1974 through 1977, the Iowa Department of Revenue and Finance (department) issued to Ashland a notice of assessment in the amount of $19,306.16. This amount included the additional tax attributable to the federal adjustments plus a recomputation of accrued interest. Payments previously made by Ashland on accrued interest and tax were reapplied by the department against the accrued interest and the corrected tax liability. When Ashland protested the recomputation of interest, an administrative hearing was conducted. The hearing officer affirmed the department's assessment. Upon conclusion of a contested case hearing under Iowa Code section 17A.19 (1987), the district court held interest would accrue only upon the additional Iowa income tax generated directly by the federal income adjustments. Therefore, the department's recomputation of accrued interest based upon the corrected tax liability was prohibited. On appeal, we reverse.

The parties stipulated to the facts. Ashland's fiscal year ended September 30 of each year and its corporation income tax return was due the following January 31. Ashland filed a delinquent 1974 Iowa corporate income tax return and fully paid the reported tax due plus penalty and interest. The department audited the 1974 return and mailed notice of assessment to the

taxpayer. The parties reached a settlement through informal proceedings whereby additional tax and interest totaling $15,212.70 was paid. After Ashland had timely filed its 1975 through 1977 corporate income tax returns with full payment of the reported tax due, the department audited these returns in 1981 and mailed notice of assessment to Ashland. Again the parties reached a settlement through informal proceedings whereby Ashland paid an additional tax and interest of $82,211.43 on the 1975–77 returns. The department notified Ashland the returns would remain open pending any federal audit adjustments.

As a result of final adjustments by the Internal Revenue Service (IRS) for tax years 1974 through 1977, the department in 1986 recomputed the total tax due for each of the years and recomputed the interest accrued on each return by reapplying the prior payments made by Ashland. Prior payments were credited first to penalty and accrued interest, and then to the recomputed tax.

I. Iowa imposes a tax on each corporation, domestic or foreign, upon net income received during the income year. Iowa Code § 422.33. The term "net income" means taxable income before the net operating loss deduction, as properly computed for federal income tax purposes, with adjustments. Iowa Code § 422.33. The tax is imposed only on the portion of the net income reasonably attributable to the trade or business in Iowa. Iowa Code § 422.33. For all taxpayers the total tax due shall be paid in full at the time of filing the return. Iowa Code § 422.24. In addition to the tax or additional tax determined by the department, the taxpayer must pay interest on the tax or additional tax at a rate fixed by statute and computed from the date the return was required to be filed. Iowa Code § 422.25(2).

Within three years after a corporate return becomes due or is filed, the department shall examine it and determine the correct amount of tax, and the amount determined by the department is the tax. The three-year general limitation period has specific statutory exceptions. Iowa Code § 422.25(1). One exception permits the department to make an examination and determination of the correct amount of tax at any time within six months from the date the department receives written notice from the taxpayer of the final disposition of any matter between the taxpayer and the IRS with respect to the particular tax year. If the tax found due is greater than the amount paid, the department shall compute the amount due together with interest and penalty and shall notify the taxpayer by mail of the total. Iowa Code § 422.25(1). A taxpayer may appeal to the director of revenue and finance for revision of the tax, interest or penalty assessed. The director must then grant a hearing and determine if the tax, interest or penalties are excessive or incorrect. Iowa Code § 422.28.

II. Iowa Code section 422.25(4) provides: "All payments received must be credited first, to the penalty and interest accrued, and then to the tax due." It is this statutory provision upon which both parties rely in support of their argument.

Ashland urges that section 422.25(4) does not authorize the department to reapply payments previously applied to outstanding indebtedness of the taxpayer where such prior application had reduced the taxpayer's indebtedness to zero. Ashland contends that once payments have been applied to an assessment and that assessment reduced to zero then the tax debt has been extinguished and cannot be reinstated. The term "tax due" as used in section 422.25(4) refers to that amount established by an assessment.

Although a tax assessment may be paid in full, the department urges such payment does not extinguish the tax liability. The method used by the department in recomputing accrued interest merely permits the collection of accrued interest upon the correct tax liability giving credit for prior payments made by the taxpayer on the total tax due.

■ III. When interpreting section 422.25(4) we apply recognized rules of construction. *See American Home Prods. Corp. v. Iowa State Bd. of Tax Review*, 302

N.W.2d 140, 142–43 (Iowa 1981); *Iowa Nat'l Indus. Loan Co. v. Iowa State Dep't of Revenue*, 224 N.W.2d 437, 440–42 (Iowa 1974); *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 695–97 (Iowa 1973). Applying these rules of construction we look carefully at the words of the provision, their context, the purpose of the provision, and its relationship with other statutory provisions in the same section and chapter.

 The provisions of section 422.25(4) direct that taxpayer payments be "credited" first to penalty and accrued interest, and then to tax due. A "credit" may be defined as a deduction from an amount due. *See Webster's Third New Int'l Dictionary* 532–33 (1971). The statute simply requires the department deduct payments made by the taxpayer against penalty and interest accrued before deducting payments from the tax due. This method of crediting payments is similar to the general rule in Iowa where partial payment is made on interest-bearing debts. *See Smith, Twogood & Co. v. Coopers & Clarke*, 9 Iowa 376, 387 (1859).

When considering "credits" against interest accrued and against "tax due" we are mindful of the relationship between this statutory provision and other corporate income tax provisions requiring the payment of interest on any tax or penalty not timely paid. The taxpayer's obligation is to pay the full amount of the tax at the time the return is filed. The department has authority to reexamine and redetermine a taxpayer's liability. Interest must be paid from the date the tax return is required to be filed. The legislative purpose of section 422.25 is to allow the payment of interest to a taxpayer in the event of overpayment and the collection of interest by the department upon the underpayment of the tax.

We hold section 422.25(4) allows the department to recompute interest upon the total tax due, crediting the taxpayer for payments received, first to penalty and accrued interest, and then to tax due. This construction is sensible, workable, and logical. The collection of interest allows recovery for the use of the money which should

have been paid for taxes. The taxpayer had the use of the money which rightfully should have been in the possession of the State. Thus, interest is allowed upon the tax deficiency. The collection of interest upon the total tax will encourage taxpayers to report and pay the correct tax.

In *Kelly–Springfield Tire Co. v. Iowa State Board of Review*, 414 N.W.2d 113 (Iowa 1987), we held the examination and determination of tax by the department after notification of final IRS disposition is limited to those matters between the taxpayer and IRS which affect Iowa taxable income. This holding did not prohibit the recomputation of accrued interest upon the total tax obligation. Only by applying the method used by the department can the full tax and accrued interest be collected.

REVERSED.