**DUBUQUE CASINO BELLE,
INC., Appellant,**

v.

**G.D. BAIR, Director, Iowa Department
of Revenue and Finance, Appellee.**

No. 96–38.

Supreme Court of Iowa.

March 26, 1997.

As Amended on Denial of Rehearing
March 16, 1997.

Stephen J. Juergens, Mark J. Willging, and Norman J. Wangberg of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, Harry M. Griger, Special Assistant Attorney General, and Valencia Voyd McCown, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

Dubuque Casino Belle, Inc. purchased an excursion gambling boat, along with its necessary equipment and supplies, in Florida. After the boat was delivered to Dubuque, Iowa, and the gambling excursions began, the Iowa Department of Revenue and Finance (Department) imposed a use tax of $404,140.38 on Dubuque Casino Belle. It paid the tax, but then filed a claim for a refund, alleging that Iowa Code section 99F.10(6) (1991) exempted it from any use tax liability. The Department concluded that Dubuque Casino Belle was not entitled to a refund. The district court affirmed the Department's decision. On appeal, we affirm.

## I. *Background Facts and Proceedings.*

The parties stipulated to the facts of this case. In 1989, Dubuque Casino Belle, an Iowa corporation, contracted with Patti Shipyards, Inc. for the construction and delivery of an excursion gambling boat in Pensacola, Florida. Dubuque Casino Belle was licensed by the Iowa Racing and Gaming Commission to conduct riverboat gambling excursions out of Dubuque. *See* Iowa Code ch. 99F. Between October 1, 1989, and March 31, 1991, Dubuque Casino Belle purchased gambling and restaurant equipment and supplies from out-of-state vendors for use in Iowa. On March 22, 1991, the riverboat was delivered to Dubuque Casino Belle in Florida. The riverboat, with its equipment and supplies, arrived in Dubuque on April 1, and the gambling excursions began.

On April 29, the Department completed a use tax audit against Dubuque Casino Belle for the use of the riverboat, equipment, and supplies in Iowa. Based on a property valuation of $10,103,509.50, the Department found a tax liability of $404,140.38. Dubuque Casino Belle paid the tax on April 30. *See* Iowa Code § 423.2.

On July 21, Dubuque Casino Belle filed a claim for a refund, alleging that Iowa Code section 99F.10(6) exempted it from any use tax liability for the boat, equipment, and supplies. The Department denied the refund

on December 10, 1992, concluding that sections 99F.10(5) and (6) do not exempt the imposition of a use tax on an excursion gambling boat and its gambling and restaurant equipment. Dubuque Casino Belle timely filed a protest of the denial, which was answered by the Department.

As a contested case proceeding, the case was submitted to an administrative law judge (ALJ) on the stipulated facts. The ALJ entered a decision in favor of the Department on March 31, 1995. Dubuque Casino Belle appealed to the director of the Department, who affirmed and adopted the ALJ's decision. On August 8, Dubuque Casino Belle filed a petition for judicial review of the director's final order. The district court affirmed the Department's decision and its interpretation of section 99F.10(6). The court concluded:

> While the use of the riverboat and gambling equipment is "related to" gambling excursions, Casino Belle has not met its burden of demonstrating that the legislature intended to exempt from use tax *all* activities conducted by licensees which are related to gambling excursions.

Dubuque Casino Belle filed timely notice of appeal.

## II. *Scope of Review.*

Judicial review of the actions of an administrative agency is governed by the standards of Iowa Code section 17A.19(8). *Robbennolt v. Snap–On Tools Corp.,* 555 N.W.2d 229, 233 (Iowa 1996). Our review of a contested proceeding, both in the district court and the appellate courts, is to correct errors of law. Iowa Code § 17A.19; *Sahu v. Iowa Bd. of Med. Exam'rs,* 537 N.W.2d 674, 676 (Iowa 1995). The agency's decision must be upheld if it is supported by substantial evidence and is correct in its conclusions of law. *Robbennolt,* 555 N.W.2d at 233. Evidence is substantial when a reasonable person could accept it as adequate to reach the same findings. *Pointer v. Iowa Dep't of Transp.,* 546 N.W.2d 623, 625 (Iowa 1996). We accord only limited deference to the agency's interpretation of law, including statutory and agency rule interpretations. *Staceyville Community Nursing Home v. De-*

*partment of Inspections & Appeals,* 528 N.W.2d 557, 559 (Iowa 1995).

### III. *Interpretation of Iowa Code Section 99F.10(6).*

 The sole issue in this case involves the statutory interpretation of Iowa Code section 99F.10(6). Dubuque Casino Belle argues that the statute does not permit imposition of a use tax on its riverboat, equipment, and supplies. We disagree. When interpreting a statutory provision, "we look carefully at the words of the provision, their context, the purpose of the provision, and its relationship with other statutory provisions in the same section and chapter." *Ashland Oil, Inc. v. Iowa Dep't of Revenue,* 452 N.W.2d 162, 164 (Iowa 1990).

In 1989, the state legislature legalized limited gambling on excursion boats. *See* Iowa Code ch. 99F. Chapter 99F regulates the gambling by setting various fees and granting the Iowa Racing and Gaming Commission the power to establish certain fees. Iowa Code section 99F.11 imposes a tax on the adjusted gross receipts received from gambling games. Chapter 99F also provides exemptions from taxation. One exemption is provided in section 99F.10(6), which states:

No other excise tax shall be levied, assessed, or collected from the licensee *relating to gambling excursions* or admission charges by the state or by a political subdivision, except as provided in this chapter.

(Emphasis added.) The Department has enacted a rule to implement this provision. *See* Iowa Admin. Code r. 701–17.25 (1996). The rule provides:

The following sales by licensees authorized to operate excursion gambling boats are exempt from Iowa sales and use tax: (1) charges for admission to excursion gambling boats, and (2) gross receipts from gambling games authorized by the state racing and gaming commission and conducted on excursion gambling boats....

*Id.*

Rule 701–17.25 demonstrates the Department's view that the purpose of section 99F.10(6) is to exempt enumerated sales

from Iowa sales and use tax. Because the section is an exemption statute, we apply the following rules of construction:

We strictly construe the statutes exempting property from taxation. Any doubt concerning an exemption must be resolved in favor of taxation. The burden is upon the party claiming the exemption to show the property should not be taxed.

*Partnership for Affordable Hous. v. Board of Review,* 550 N.W.2d 161, 164 (Iowa 1996).

Dubuque Casino Belle claims its use of the boat, equipment, and supplies relates to the "gambling excursions." It urges that the ordinary meaning of "relating to" is broad and means "to stand in some relation; to have bearing or concern; to pertain; to bring into association with or connection with." *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157, 167 (1992) (quoting Black's Law Dictionary 1158 (5th ed.1979)). Therefore, it argues, the use tax imposed by the Department is prohibited by the plain language of section 99F.10(6).

Although we agree "relating to" is a phrase to be given broad meaning, it is limited by the statutory phrase "gambling excursion," which is defined in chapter 99F as "the *time during which gambling games may be operated* on an excursion gambling boat whether docked or during a cruise." Iowa Code § 99F.1(9)[1] (emphasis added). The meaning of the phrase "gambling excursion" in section 99F.10(6) is limited to its statutory definition in section 99F.1(9). Moreover, this definition and the phrase it defines must be considered in the context of chapter 99F, notably that this language specifies an *exemption* to the statute's imposition of a tax *on admissions and gambling receipts.* We think the legislature's intent becomes clear when the exemption is viewed in this context and construed narrowly, as required by our rules of construction. The legislature simply meant to prohibit *additional* excise taxes "relating to gambling excursions or admission charges," in other words, taxes that would duplicate the taxes imposed by chapter 99F. Chapter 423's use tax on tangible per-

---

1. Now Iowa Code § 99F.1(8) (1997).

sonal property purchased out of state is a one-time tax based on the purchase price of the property. *See id.* § 423.2. It does not duplicate chapter 99F's tax on admissions and gambling receipts.

 Further, a broad tax exemption under this statute would directly contradict the fundamental purpose of Iowa's use tax. Iowa Code section 423.2 provides that "an excise tax is imposed on the use in this state of tangible personal property purchased for use in this state. . . ." A use tax is an excise tax designed to supplement and protect the sales tax. *Atlantic Bottling Co. v. Iowa Dep't of Revenue*, 385 N.W.2d 565, 567 (Iowa 1986). It complements our sales tax by removing a buyer's temptation to purchase goods out of state to avoid paying a sales tax. *Associates Leasing, Inc. v. Iowa Dep't of Revenue*, 456 N.W.2d 210, 211 (Iowa 1990). The tax is on the use of such goods in Iowa, not their purchase. *Id.* We discussed the rationale behind the use tax in *Dain Manufacturing Co. v. Iowa State Tax Commission*, 237 Iowa 531, 534, 22 N.W.2d 786, 788 (1946):

> The purpose of the Use Tax law is indirectly to tax sales that cannot be directly taxed under the Iowa Sales Tax Law. Since sales of property designed for use in Iowa cannot be taxed if consummated outside the state, our Legislature has resorted to the plan . . . of taxing the use of such property in the state. The tax is on the use but it presupposes a prior sale. The tax serves the double purpose of producing revenue that otherwise might not be available, and of furnishing some measure of protection to Iowa dealers from competition with outside vendors not subject to liability for sales tax.

*Dain Mfg. Co.*, 237 Iowa at 534, 22 N.W.2d at 788.

We agree with the district court, which held that Dubuque Casino Belle's argument for an exemption does not conform to the purpose of the use tax. In its ruling, the court stated that "[a]llowing licensees to purchase expensive gambling boats and gambling equipment outside Iowa for use in Iowa to produce substantial profit is directly contrary to the use tax's protection of Iowa vendors."

 We believe Iowa Code section 99F.10(6) was intended to avoid double taxation of transactions relating to actual gambling activity and admission charges. We strictly construe the statutory language to provide only a limited exemption of other excise taxes relating to gambling excursions or admission charges. We affirm the decisions of the district court.

**AFFIRMED.**