MANSFIELD, Justice
(dissenting).
I respectfully dissent. A good deal of the plurality’s reasoning makes sense to me. However, I am concerned we are disregarding the question we are supposed to answer, and instead, answering a question nobody asked us to answer.
*837 I. The Garden-Variety Exception.
This appeal is not about specific mental health records. The question Fagen has raised on appeal is whether a defendant can obtain any of the plaintiffs mental health records when the plaintiff seeks only garden-variety emotional distress damages. I would reject Fagen’s appeal for three reasons.
First, Fagen is alleging “mental disability,” which would not qualify as garden-variety emotional distress under any plausible definition of that term. Second, I do not believe the underlying statute — Iowa Code section 622.10 (2013) — allows for a garden-variety exception. Third, while I see the policy arguments for a garden-variety exception in the employment litigation field, I am concerned that in the personal injury context, a garden-variety exception could be used to give plaintiffs two bites at the same apple. Since personal injury plaintiffs can already recover pain and suffering damages, why should they get a second verdict line covering “the normal feelings of anguish, grief, distress, fear, and pain and suffering that any reasonable person would feel ... incident to the physical injuries he suffered”? That sounds duplicative to me. For any of these reasons, I would affirm the judgment below.
Let me elaborate on these three points. To begin with, it is undisputed that Fagen has alleged he suffered a mental disability at the hands of the defendants. At the beginning of oral argument in this court, Fagen’s counsel reaffirmed that allegation, stating, “We pled ... that the plaintiff has endured and will endure great physical and mental pain, physical and mental disability, and loss of enjoyment of life.” A mental disability is not garden-variety emotional distress.
Normally, the availability of discovery is determined by the parties’ allegations. When a plaintiff has alleged mental disability, opposing parties and the district court should be able to take that allegation at face value.
In addition, even if a plaintiff were alleging only a more routine form of mental injury, we have a controlling statute. Section 622.10(2) provides that the patient-psychotherapist privilege
does not apply ... in a civil action in which the condition of the person in whose favor the prohibition is made is an element or factor of the claim or defense of the person or of any party claiming through or under the person.
Iowa Code § 622.10(2). Here, the mental health condition of the plaintiff is an element or factor in the plaintiffs claim. In his petition, the plaintiff alleges, among other things, that he “has endured and will continue to endure ... mental pain ... and mental disability.” Therefore, under section 622.10(2), the privilege does not apply. The statute is not ambiguous, and it should resolve the present case, in my view.
Furthermore, section 622.10(3)(a) provides:
In a civil action in which the condition of the plaintiff in whose favor the prohibition is made is an element or factor of the claim or defense of the adverse party or of any party claiming through or under the adverse party, the adverse party shall make a written request for records relating to the condition alleged upon the plaintiffs attorney.... Upon receipt of a written request, the plaintiff shall execute a legally sufficient patient’s waiver and release it to the adverse party....
Id. § 622.10(3)(a). Note again the mandatory wording — “shall execute.” Id. I do not see anything in sections 622.10(2) or *838 622.10(8) that supports a garden-variety exception.
Also on point is a rule of civil procedure we have just adopted. Rule 1.500(1)(6) provides:
[A]ny party asserting a claim for damages for personal or emotional injuries. must, without awaiting a discovery request, provide to the other parties:
[[Image here]]
(3) The names and addresses of all doctors, hospitals, climes, pharmacies, and other health care providers claimant consulted within five years prior to the date of injury up to the present date.
(4) Legally sufficient written waivers allowing the opposing party to obtain those records subject to appropriate protective provisions authorized by rule 1.504. The opposing party must give contemporaneous notice to the claimant when the opposing party uses the waivers to obtain records and must provide a copy of all records obtained by waiver to the claimant and all other parties. Amy party who requests that the opposing party produce these records in nonelec-tronic form must bear the opposing party’s costs of producing them in that form.
Iowa R. Civ. P. 1.500(1)(6). Like Iowa Code section 622.10, our initial disclosure rule does not support a garden-variety exception. Rather, whenever the plaintiff alleges emotional injury, she or he must provide waivers at the commencement of litigation so the defendant may obtain the preceding five years of mental health records.[2]
Lastly, even if Iowa Code section 622.10 (and Iowa Rule of Civil Procedure 1.500) were not an obstacle to recognizing, a garden-variety exception to permitted discovery on mental health, I do not see any need for such an exception in personal injury cases. In effect, the plaintiff here seeks to carve out an exception to sections 622.10(2) and 622.10(3) for garden-variety emotional distress. What the plaintiff means by “garden variety” is somewhat elusive to me. The plaintiff offered several definitions in his briefs and continued to shift among those definitions during oral argument before this court. Yet his predominant definition appears to be that emotional distress is garden variety when the plaintiff is claiming for “the normal feelings of anguish, grief, distress, fear, and pain and suffering that any reasonable person would feel ... incident to the physical injuries he suffered.”
To me, this form of garden-variety emotional distress sounds a lot like generic “pain and suffering.” “The element of pain and suffering includes bodily discomfort, mental suffering, loss of enjoyment of life, and other emotional distress.” Pexa v. Auto Owners Ins. Co., 686 N.W.2d 150, 163 (Iowa 2004); see also Miller v. Rohling, 720 N.W.2d 562, 570 (Iowa 2006); Estate of Pearson ex rel. Latta v. Interstate Power & Light Co., 700 N.W.2d 333, 346-47 (Iowa 2005). When a plaintiff is simply claiming undifferentiated pain and suffering damages as part of a physical injury claim, I would be inclined to agree that his or her mental health records are not subject to discovery because the plaintiffs condition is not an element of his or her claim. ⅜
What then is the problem in this case? The problem is that the plaintiff wants emotional distress damages in addition to traditional pain and suffering — in other words, the plaintiff wants a separate line for each item on the verdict form. If that is so, two possibilities exist. One is that *839 the plaintiff seeks a double recovery, which should not be allowed. The other is that the plaintiff intends to recover for mental health injuries different from and more extensive than the typical “anguish, grief, distress, fear, and pain and suffering ... incident to the physical injuries he suffered.” In that case, the plaintiff has put his mental health condition at issue and Iowa Code sections 622.10(2) and 622.10(8) apply.
For all these reasons, the whole notion of garden-variety emotional distress claims in a personal injury case seems to be a solution in search of a problem. The plaintiff already can recover what most would regard as garden-variety damages without exposing his or her mental health records to discovery — simply by asking only for general pain and suffering damages.
It is worth noting, though, where the garden-variety concept originated. As the plaintiff points out in his briefing, it comes from and most often appears in the employment discrimination field. The first ease apparently to use this term is Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33, 126 F.R.D. 422, 426 (D.Mass.1989). The court there denied discovery of an employment discrimination plaintiff’s psychotherapy records, on the ground that he “makes a ‘garden-variety’ claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from the alleged discrimination.” Id. Since then, the garden-variety exception to discovery of mental health records has become more popular in civil rights litigation. See Helen A. Anderson, The Psychotherapist Privilege: Privacy and “Garden Variety” Emotional Distress, 21 Geo. Mason L. Rev. 117, 118, 125-26 (2013) (noting that the approach has been “gaining ground” and that the issue arises in federal court “most often in civil rights suits”). To my knowledge, the vast majority of garden-variety cases are civil rights cases.
Here the analysis gets a little more complicated for me. We do not have a routine line item for pain and suffering in discrimination cases. Is it unreasonable to allow victims of discrimination — like victims of physical injuries — to recover for a certain modicum of pain and suffering caused by the incident without putting their mental health condition at issue? Does the law permit this? Should the law in effect presume that all acts of unlawful discrimination cause some degree of mental anguish? These are legitimate questions. However, they are issues for another day. My present point is simply that in personal injury cases, a garden-variety exception is either unneeded or, to the extent it serves any purpose, contradicted by the statute. That is enough to decide today’s case for me.
II. The Plurality’s Protocol.
Let me now turn to the issue the plurality has addressed, specifically its decision to engraft a protocol from constitutional privacy cases. See McMaster v. Iowa Bd. of Psychology Exam’rs, 509 N.W.2d 754, 758-60 (Iowa 1998); see also Ashenfelter v. Mulligan, 792 N.W.2d 665, 672-73 (Iowa 2010); State v. Cashen, 789 N.W.2d 400, 406 (Iowa 2010), superseded by statute, 2011 Iowa Acts ch. 8, § 2 (codified at Iowa Code § 622.10(4)), as recognized in State v. Thompson, 836 N.W.2d 470, 490 (Iowa 2013). Importantly, all of those cases involved an involuntary participant in a legal proceeding who was being asked to produce mental health records so a party to the proceeding could prove that party’s claim or defense. See McMaster, 509 N.W.2d at 756; see also Ashenfelter, 792 N.W.2d at 667-68; Cashen, 789 N.W.2d at 404.
That scenario raises a serious constitutional issue. A crime victim who finds *840 herself being compelled by the machinery of the state to give up her private mental health records can legitimately ask, “What about my privacy?” But someone like the plaintiff here who is seeking to use the machinery of the state to- recover money from another person for mental health injuries stands in a much different position, constitutionally speaking.[3]
My basic quibble with the plurality’s protocol is that even when the plaintiff has alleged mental injury, it places the burden on the defendant who wants specific mental health records to provide a “good-faith factual basis demonstrating how the records are reasonably calculated to lead to admissible evidence.” Hence, the plurality criticizes the defendant because he “presents no facts.” All the plaintiff has to do is refuse to execute a waiver, and the defendant has to go to court and make this factual showing. Thus, in practical effect, the plurality requires the defendant to conduct other discovery before getting access to mental health records. This is illustrated in the present case, where the court remands for the district court to look at “discovery documents identifying the mental injury damages Fagen is seeking,” “discovery responses stating the extent or nature of his mental distress claim,” “medical records regarding his physical injuries to gain further insight,” and “Fagen’s deposition.”
I believe Iowa Code sections 622.10(2) and 622.10(3) and Iowa Rule of Civil Procedure 1.500(1)(6) place the burden on the other side. Section 622.10(3)(a) authorizes access to records based on the “condition alleged.” Iowa Code § 622.10(3)(a). Rule 1.500(1)(6) requires disclosure of records when the plaintiff is “asserting a claim for ... emotional injuries.” Iowa R. Civ. P. 1.500(1)(6). Allegations drive the process. Thus, presumptively, when a plaintiff alleges he or she has suffered a mental injury, his or her mental condition is an element or a factor in the plaintiff’s claim or defendant’s defense, see Iowa Code § 622.10(2), (3)(a), and she or he should produce the last five years of mental health records to the defendant subject to the procedural protections in the rule, see Iowa Rs. Civ. P. 1.500(1)(6 )(3), (4). True, a plaintiff should have an opportunity to demonstrate that particular records are not subject to discovery because they are not reasonably calculated to lead to the discovery of admissible evidence and in that sense do not “relat[e] to” the defendant’s defense.[4] However, the burden should be on the plaintiff. After all, the plaintiff already knows or can readily determine what is in those records.
By adopting a protocol that nobody asked for, I fear the plurality is being helpful to neither trial judges, plaintiffs, *841 nor defendants. I do not detect a groundswell of opinion that Iowa judges are not managing discovery disputes appropriately or need more protocols to assist them.[5] The plaintiff here asked for a blanket exception, not a new procedural protocol.
Notably, the plurality’s protocol would apply in any case where the plaintiff seeks recovery of damages for emotional distress or mental injury, whether garden variety or not. It may foster time-consuming discovery disputes. It may force a defendant to spend time on extra depositions trying to find indirect evidence of the plaintiffs mental health condition (say through questioning of the plaintiffs acquaintances) in order to support a request for the plaintiffs mental health records. In some cases, this discovery may be more intrusive and embarrassing than production of the records would have been. It may cause trial dates to be postponed because the district court will be unable to rule on whether mental health records should be produced until fact discovery is largely complete — i.e., on the eve of trial. The plurality seems to foreswear the traditional, logical approach (embodied in Iowa Code section 622.10 and recently reinforced by Iowa Rule of Civil Procedure 1.500(l)(i>)) that a defendant can conduct discovery based on what the plaintiff alleges, subject to the plaintiffs ability to make specific, supported objections.
For the foregoing reasons, I respectfully dissent.
CADY, C.J., and WATERMAN, J„ join this dissent.

. However, it should be noted that under this rule the defendant would not be entitled to disclosure of Fagen’s anger-management counseling records from fourth through sixth grade because of the time that has elapsed,

. See Stefanie J. Thomas, Note, Weeding the Garden: Finding a Solution to "Garden Variety" Emotional Distress Claims and Discovery Issues, 62 Drake L. Rev. 599, 615 (2014) ("It is analogous to assume that when a plaintiff waives the statutory physician-patient privilege under Iowa Code section 622.10, the plaintiff also waives the constitutional right to privacy. When confronted with this argument, federal courts have held that the constitutional right to privacy is waived when a plaintiff alleges emotional distress.”).

. Our prior caselaw has given the phrase "relating to” broad meaning. See, e.g., Baker v. City of Ottumwa, 560 N.W.2d 578, 582 (Iowa 1997) (calling an exemption to governmental tort liability for a "claim relating to a swimming pool" a "broad classification” and therefore determining it exempted suits involving negligent lifeguards as well as cases pertaining to pool health standards (internal quotation marks omitted)); see also Dubuque Casino Belle, Inc. v. Bair, 562 N.W.2d 605, 607 (Iowa 1997) (agreeing with the plaintiff that " 'relating to' is a phrase to be given broad meaning” but noting that its broad scope can be limited where the legislature chooses to provide narrower statutory definitions).

. In fact, the plurality says that the present matter "is no different from other discovery disputes that our courts deal with on a regu-Iar basis.” This confirms, in my view, the absence of need for a new protocol.