**Liberato A. IANNONE and Dolores P. Iannone, Appellees,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellant.**

No. 00–0411.

Supreme Court of Iowa.

Feb. 27, 2002.

Thomas J. Miller, Attorney General, Harry M. Griger, Special Assistant Attorney General, and Lucille M. Hardy, Assistant Attorney General, for appellant.

Glenn L. Smith, David C. Craig and Tamara K. Hackmann of Finley, Alt, Smith, Scharnberg, Craig, Hilmes & Gaffney, P.C., Des Moines, for appellees.

STREIT, Justice.

The Iowa Department of Revenue appeals from the district court ruling on judicial review reversing the agency's method of calculating interest on an assessment of Liberato and Dolores Iannones' income tax liability for their amended returns. Iannones claim the Department incorrectly interpreted the controlling statutory provisions of the Iowa Code in calculating the amount upon which interest shall accrue. Iannones contend the 1982 and 1983 overpayments and the 1984 carryback should be credited against their 1984 underpayment in determining the total amount of the tax upon which to assess interest. The Department contends the controlling statute does

not provide authority to net the previous carrybacks together with the 1984 underpayment. Because we agree with the Department's statutory interpretation, we reverse the district court ruling reversing the Department's tax assessment.

## I. Background and Facts

Liberato and Dolores Iannones filed individual income tax returns for the calendar years 1982, 1983, 1984, 1985, 1986, and 1987. In May of 1995, Iannones filed amended tax returns for the years 1982–1987 to reflect the changes resulting from an Internal Revenue Service audit. The amended return showed an Iowa net operating loss (NOL) for the 1985 tax year. The 1985 NOL was carried back to 1982. *See* Iowa Code § 422.9(3)(a) (1995). Because the carryback was not exhausted in 1982, the NOL was then carried over to 1983. The carryback resulted in a $15,990 overpayment in 1982 and a $6672 overpayment in 1983. Again, the carryback was not exhausted and so the carryback was applied to 1984. This carryback, however, did not result in an overpayment. Rather, the remaining NOL only partially reduced the 1984 tax due by the NOL-created tax adjustment of $2,816. After applying the 1984 carryback to the tax due, Iannones owed a total of $26,287 for the 1984 tax year.[1] In 1995, Iannones paid $13,622 which was applied to their individual 1984 income tax liabilities.

The Iowa Department of Revenue and Finance (Department) calculated the amount of interest Iannones owed the Department based on the total 1984 underpayment. The critical part of the Department's calculation involved interpretation of Iowa Code section 422.25(3). The Department interpreted this section to mean

---

1. In 1984, after the remaining carryback was applied to the tax due, Iannones owed a total

of $26,287 in tax and $19,452.62 in interest on that tax, totaling $45,739.62.

the Department was required to calculate interest on a year-by-year basis, rather than reducing the 1984 underpayment by the 1982 and 1983 overpayments. Based on this interpretation, the Department calculated the interest due for Iannones' 1984 underpayment of tax on the basis of the full amount of the underpayment. Iannones contested the Department's assessments. Specifically, Iannones argued the statutory provision authorized an overpayment of taxes from earlier years caused by the application of the net operating loss to offset the underpayment. If this method of calculating interest is used, the State would owe Iannones $806.68 on the amended returns. However, if the Department's method of calculation is used, Iannones would owe the State interest in the amount of $15,354.57 and a total tax assessment of $20,279.57 for the amended returns.[2]

The matter was submitted to the Department to be reviewed by an administrative law judge. The judge affirmed the Department's assessment. In response, Iannones filed a petition for judicial review of the judge's findings pursuant to Iowa Code section 17A.19(3) (1999).

On judicial review of the agency's actions, the district court reversed the decision of the administrative law judge. The issue before the district court was whether the 1982 and 1983 overpayments, in addition to the 1984 carryback, should be used to reduce the 1984 underpayment for purposes of calculating interest pursuant to Iowa Code section 422.25(3). The Department argued interest calculations must be made on a tax-year-by-tax-year basis. To the contrary, Iannones argued the NOL carrybacks which resulted in overpayment for 1982 and 1983 should be combined and

credited against the 1984 underpayment. The district court agreed with Iannones and accordingly reversed the Department's decision. The court determined Iannones were entitled to their claimed income tax refund of $806.68 with interest. The Department appeals.

## II. Standard of Review

■■■ On judicial review of a final agency action, our review is limited to correcting any errors of law made by the Department. Iowa Code § 17A.19(8). We must determine "whether the district court correctly applied the law in exercising its section 17A.19(8) judicial review function." *Ahrendsen ex rel. Ahrendsen v. Iowa Dep't of Human Servs.*, 613 N.W.2d 674, 676 (Iowa 2000). We give weight to the agency's findings, but are only bound by them if supported by substantial evidence. *IBP, Inc. v. Iowa Employment Appeal Bd.*, 604 N.W.2d 307, 311 (Iowa 1999). Evidence is substantial if a reasonable person would accept it as adequate to reach the same findings. *Id.* If our conclusions are the same as those of the district court's, we must affirm. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). Under section 17A.19(8),

relief may be granted only if agency action was "unreasonable, arbitrary, or capricious," or is characterized by abuse of discretion. To be arbitrary or capricious, the agency action must be taken without regard to the law or consideration of the facts of the case. To constitute abuse of discretion, the action must be unreasonable and lack rationality.

*Allen v. State Dep't of Personnel*, 528 N.W.2d 583, 587 (Iowa 1995) (citations omitted). When challenging a tax assess-

2. These numbers reflect the amount of interest and total tax assessment through May 31, 1997. Iannones do not challenge the actual tax due calculations based on their taxable income for each year involved in this appeal. The numbers discussed are for illustrative purposes only.

ment, the burden of proof is on the taxpayer to show the Department's assessment was erroneous. Iowa Code § 421.60(6)(b), (c) (1995); *Nymann v. Iowa Dep't of Revenue & Fin.*, 465 N.W.2d 890, 893 (Iowa 1991); *Super Valu Stores, Inc. v. Iowa Dep't of Revenue & Fin.*, 479 N.W.2d 255, 258 (Iowa 1991); *Assoc. Leasing, Inc. v. Iowa State Dep't of Revenue & Fin.*, 456 N.W.2d 210, 213 (Iowa 1990); *Richards v. Iowa Dep't of Revenue*, 360 N.W.2d 830, 831 (Iowa 1985) (citing *City of Ames v. State Tax Comm'n*, 246 Iowa 1016, 1025, 71 N.W.2d 15, 21 (1955)).

### III. The Merits

■ The only issue before us on appeal involves interpretation of Iowa Code section 422.25 (1995) and the correct method of calculation of interest under this section. This section dictates the calculations of interest for each of the tax years involved in this case. The Department argues each tax year stands alone for calculation of tax liabilities and the interest on those same tax liabilities. Iannones argue the 1982 and 1983 NOL overpayments should be combined and credited against the 1984 underpayment of tax before interest is calculated.

Iowa Code section 422.25 requires the Department to calculate two types of interest. The first type is the calculation of the amount of interest owed to a taxpayer on any overpayments in a given tax year. Here, the Department was obligated to calculate the interest owed Iannones on the NOL carryback-created overpayments in 1982 and 1983. Pursuant to statute, Iannones are entitled to interest on the overpayments calculated from the date the amended returns for 1982 and 1983 were filed. *See* Iowa Code § 422.25(3). The Department properly awarded Iannones $3389.88 in interest for the 1982 overpayment and $1414.46 in interest for the 1983 overpayment.

The second type of interest is the amount of interest owed the State by taxpayers on any underpayments in a given tax year. In the case before us, this involves the calculation of interest Iannones owe the State for the 1984 underpayment. Before we turn to the controlling statutory provisions, we briefly examine the purpose of carrybacks.

■ Carryback provisions permit "an adjustment of an earlier [tax year] liability upon the basis of subsequent events." *Bulova Watch Co. v. United States*, 365 U.S. 753, 759, 81 S.Ct. 864, 868, 6 L.Ed.2d 72, 76 (1961). Statutory provisions allowing the carryback of NOLs to non-loss years are limited exceptions to the general rule of basic year-by-year accounting. *Id.* The United States Supreme Court has characterized such provisions as "exceptional relief measure[s]." *Id.* at 758–59, 81 S.Ct. at 868, 6 L.Ed.2d at 76. Such an exceptional relief measure "contemplates that the initial tax obligation was not incorrectly or mistakenly imposed but was actually due, but that an adjustment may be made upon the basis of the taxpayer's gain or loss in the succeeding year or years. . . ." *Id.* Moreover, carryback provisions are in the nature of an exemption from the taxes otherwise owed in the year in which the carryback is applied. *Id.*

> Inasmuch as income tax exemptions exist by virtue of the grace of the legislature, their existence is not to be easily implied, and a taxpayer seeking an exemption is required to establish that the claimed exemption is unmistakably within the spirit and intent of the statute, and the provision of exemption must be strictly construed against the claimant.

71 Am.Jur.2d *State and Local Taxation* § 410, at 409–10 (2001); *see also Ballstadt v. Iowa Dep't of Revenue*, 368 N.W.2d 147,

148–49 (Iowa 1985) (tax exemption statutes are to be strictly construed resolving all doubts in favor of taxation); 84 C.J.S. *Taxation* § 264, at 336–37 (2001) ("an exemption must be created or conferred in clear and plain language since an exemption only exists by virtue of constitutional or statutory authority"). Considering the nature and purposes behind carrybacks, we now turn to the issue before us.

After applying the NOL-created carryback to 1982 and 1983, the remainder was applied to the 1984 tax year. This time, however, the NOL-created carryback only partially reduced the taxable income for 1984. The central issue in this appeal focuses on the appropriate method of interest calculation for the 1984 underpayment. On appeal, Iannones argue they should be excused from paying the full amount of interest they would otherwise have owed the State for their 1984 underpayment. In so arguing, they assert the NOL carryback years should be netted together for interest calculation purposes. However, the "subsequent cancellation of the duty to pay this assessed deficiency does not cancel in like manner the duty to pay the interest on that deficiency." *Manning v. Seeley Tube & Box Co. of New Jersey,* 338 U.S. 561, 565, 70 S.Ct. 386, 389, 94 L.Ed. 346, 349 (1950).

■■■■ Iannones' interpretation of the relevant statutes violates general rules of accounting. Specifically, Iannones contend the tax years in their case should not be treated separately. However, "taxable income is computed on the basis of the taxpayer's taxable year; generally, this covers an accounting period of twelve months. . . ." 47A C.J.S. *Internal Revenue* § 22, at 87 (2001); *see also* 84 C.J.S. *Taxation* § 437, at 494 (2001); 71 Am.Jur.2d *State and Local Taxation* § 512, at 775 (2001). "Each taxable year must be regarded as an independent unit for income

tax purposes." 47A C.J.S. *Internal Revenue* § 22, at 88 (2001). Statutes may allow an exception to the general rules of accounting, but the exception must be clearly present in the statute. *See Ballstadt,* 368 N.W.2d at 148–49; 84 C.J.S. *Taxation* § 264, at 336–37 (2001). On appeal, we must determine whether the controlling statutory provisions contain such a manifest intent to allow an exception to the annual rule of accounting when a NOL has occurred and affected an earlier underpayment.

There are two different methods of interest calculation to employ when a NOL has occurred that affected an earlier underpayment. The appropriate method depends on the time frame during which interest is to be calculated. For interest calculation between the due date of the underpayment to the last day of the taxable year for the underpayment, Iowa Code section 422.25(3) controls. This section provides

> when the net operating loss . . . carryback to a prior year eliminates or reduces an underpayment of tax due for an earlier year, the *full amount of the underpayment of tax shall bear interest* . . . from the due date of the tax for the earlier year to the last day of the taxable year in which the net operating loss . . . occurred.

Iowa Code § 422.25(3) (emphasis added). Then, after the last day of the taxable year in which the NOL occurred, interest is based on "additional tax" owed. *Id.* § 422.25(2). Under the present facts, we calculate the additional tax starting after December 31, 1985, *i.e.,* the last day of the NOL year. Additional tax is the full amount of tax due less the tax adjusted as a result of the NOL-created carryback to the 1984 tax year.

■■■■ With regard to the interest calculation on the 1984 underpayment between

the date the underpayment was due and December 31, 1985, Iannones argue Iowa Code section 422.25(3) allows them to subtract from the total amount of their 1984 underpayments the 1982 and 1983 carrybacks. However, nothing in the language of the statute supports their contention. Section 422.25(3) applies exclusively to the time between the due date of the 1984 tax to the last day of the taxable year in which the NOL occurred, *i.e.*, 1985. The section clearly provides the taxpayer shall pay interest on "the *full amount* of the underpayment." (Emphasis added.) Carrybacks are only allowed to the extent authorized by statute. *Bulova Watch Co.*, 365 U.S. at 758–59, 81 S.Ct. at 868, 6 L.Ed.2d at 76. "In the absence of a clear legislative expression to the contrary, the question of who properly should possess the right of use of the money owed the Government for the period it is owed must be answered in favor of the Government." *Manning*, 338 U.S. at 566, 70 S.Ct. at 389, 94 L.Ed. at 349–350. Since income taxes are generally calculated on an annual accounting basis, the taxpayer must show specifically the language of the statute allowing for deviance from the general rule. Iannones have not pointed to a particular statutory provision explicitly allowing a netting procedure to be employed in the calculation of interest on an underpayment. We decline to read this authority into the statute. *See* 84 C.J.S. *Taxation* § 264, at 337 (2001) ("courts have no power to create an exemption from taxation by judicial construction" (citing *City of Chicago v. Illinois Dep't of Revenue*, 147 Ill.2d 484, 487, 168 Ill.Dec. 841, 842, 590 N.E.2d 478, 479 (1992))).

As regards the calculation of interest after December 31, 1985, another statutory provision is controlling. Iowa Code section 422.25(2) provides the general rule for interest calculation on underpayments. This section provides,

> In addition to the tax or additional tax determined by the department . . ., the taxpayer shall pay interest on the tax or additional tax at the rate in effect under section 421.1 . . ., computed from the date the return was required to be filed.

Iowa Code § 422.25(2). Interest on underpayments calculated after the last day of the taxable year in which the NOL occurred shall be calculated on the total underpayment from the date the return should have been filed to the date of payment. *Id.* Applied to the case before us, Iannones owe the State interest on the "additional tax" for the 1984 tax year. The additional tax is the full amount of the original 1984 underpayment of tax reduced by the tax adjusted as a result of the NOL. Pursuant to section 422.25(2), the Department correctly took the full amount of the 1984 tax due and netted it with the tax adjustment resulting from the 1984 NOL carryback to calculate the "additional tax due" for 1984. The State properly charged Iannones interest on that amount from the last day of the 1985 loss year to the date paid.

## IV. Conclusion

The district court erred in reversing the Department's assessment of interest owed by Iannones to the State of Iowa. We therefore reverse the district court and uphold the Department's assessment of interest on Iannones' 1984 underpayment.

**REVERSED.**