Leo M. HOUGH, Appellant,

v.

**IOWA DEPARTMENT
OF PERSONNEL,**
Appellee.

No. 02–0611.

Supreme Court of Iowa.

July 16, 2003.

James H. Gilliam and Ann Holden Kendell of Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Cristina Kuhn and Jeanie Kunkle Vaudt, Assistant Attorneys General, for appellee.

STREIT, Justice.

After thirteen years of employment with the Iowa Department of Economic Development, Leo Hough was fired. He appealed his termination to the Iowa Department of Personnel (IDOP) which affirmed the termination. The IDOP concluded Hough was an employee-at-will and lacked standing to bring his administrative challenge. The district court, after one remand for additional evidence, affirmed the IDOP decision. Because we find Hough is a merit-exempt employee not entitled to an administrative review of his termination, we affirm.

## I. Background and Facts

Leo Hough was employed by the Iowa Department of Economic Development (the "department") for thirteen years. During his years with the department, Hough worked in a number of positions, all of which were classified as non-merit covered positions exempt from the protections of Iowa Code chapter 19A and the administrative rules of the Iowa Department of Personnel (IDOP). In 2000, the department reorganized and eliminated Hough's position.

Hough filed an appeal of his termination and requested a contested case hearing with the IDOP pursuant to Iowa Administrative Code rules 581—12.2(7) (1999) and 581—26.4 (1999). Hough argued the department's decision to terminate his position was contrary to Iowa Code chapter 19A (1999) and the administrative rules governing reductions in work force. Hough's arguments were entirely based upon the assumption that his position with the department was considered a merit-based position and covered by the procedural protections of Iowa Code chapter 19A and the IDOP's administrative rules dealing with reductions in work force. The IDOP denied Hough's appeal finding he was an employee-at-will; therefore, the provisions of chapter 19A governing merit employees and the administrative rules did not apply to Hough's termination.

Hough filed a petition for judicial review challenging the IDOP's denial of a contested case hearing. Though the district court acknowledged the IDOP's rules did not provide for a contested case hearing, the court found some minimal evidentiary opportunity should be given to the parties. The district court remanded the case to the IDOP to develop a factual record and make agency findings based upon the record regarding whether Hough's position came within the protections of chapter 19A and the IDOP's administrative rules.

The IDOP issued an order providing Hough and the department the chance to present evidence. Neither party submitted any evidence to supplement what had been presented to the district court.

Based upon the evidence before it, the IDOP concluded Hough was not entitled to a contested case hearing because he was a professional employee not entitled to the protections of the merit system. *See* Iowa Admin. Code r. 581—11.3. Hough appeals.

Hough argues the IDOP and district court erred in classifying his position as "professional" and therefore not covered by the merit system or administrative rules relating to reductions in work force. The state asserts, in part, Hough failed to exhaust his administrative remedies on the issue of his job classification by not seeking a review of the classification before the department.

## II. Scope of Review

On judicial review of a final agency action, our review is limited to correcting any errors of law made by the department. Iowa Code § 17A.19(8). We will determine "whether the district court correctly applied the law in exercising its section 17A.19(8) judicial review function." *Iannone v. Dep't of Revenue & Fin.*, 641 N.W.2d 735, 738 (Iowa 2002) (quoting *Ahrendsen ex rel. Ahrendsen v. Iowa Dep't of Human Servs.*, 613 N.W.2d 674, 676 (Iowa 2000)). We are only bound to the agency's findings if supported by substantial evidence. *Iannone*, 641 N.W.2d at 738. Evidence is substantial if a reasonable person would accept it as adequate to reach the same findings. *Id.* Relief from the department's action may be granted if the agency action was "unreasonable, arbitrary, or capricious," or was characterized by an abuse of discretion. *Id.* An agency action is arbitrary "when it is taken without regard to the law or facts of the case." *Dawson v. Iowa Bd. of Med. Exm'rs*, 654 N.W.2d 514, 518–19 (Iowa 2002). An abuse of discretion exists if the agency action was unreasonable or lacked rationality. *Iannone*, 641 N.W.2d at 738. Action

is unreasonable when it is "clearly against reason and evidence." *Dawson*, 654 N.W.2d at 519.

## III. The Merits

We are called upon to determine whether there is substantial evidence supporting the department's conclusion that Hough is not entitled to a contested case hearing on his termination. Before addressing this issue, we briefly describe the function of the merit system.

### A. The Merit System

The Iowa Department of Personnel is the central agency responsible for state personnel management. *See* Iowa Code § 19A.1(2)(c). The IDOP administrative rules apply to employees who are included under the merit system. The " 'merit system' means those positions or employees in the state personnel system determined by the director to be covered by the provisions of Iowa Code chapter 19A as it pertains to qualifications, examinations, probation, and just cause discipline and discharge hearings." Iowa Admin. Code r. 581—1.1 (1997). The purpose of chapter 19A

> is to establish for the state of Iowa a system of personnel administration based on merit principles and scientific methods to govern the appointment, promotion, welfare, transfer, layoff, removal, and discipline of its civil employees, and other incidents of state employment.

Iowa Code § 19A.2A.

The Iowa Department of Economic Development, Hough's previous employer, is an executive agency responsible for "enhanc[ing] the economic development of the state and provid[ing] for job creation and increased prosperity and opportunities for the citizens of the state" through "direct financial and technical assistance and

training." *Id.* § 15.101. The department also coordinates development programs on the local, state, and federal levels. *Id.*

Iowa Code chapter 19A and the IDOP's administrative rules apply to all employees of the state except to those classes of employees explicitly exempted in the statute or otherwise specifically exempted by law. *See id.* § 19A.3. The significance of an exempt position is critical to this appeal. An employee who is classified as merit exempt is neither entitled to the protections of Iowa Code chapter 19A nor the IDOP administrative rules. Iowa Code section 15.106(2) specifically says *"professional staff* of the department are exempt from the merit system provisions of chapter 19A." *Id.* § 15.106(2) (emphasis added). If we were to find Hough was a merit system employee, he would be entitled to the contested case hearing he seeks on the issue of his termination. The State argues Hough was "professional staff" and therefore merit-exempt.

## B. Job Classification

This is the first time Hough has attempted to challenge the "professional staff" classification given to him by the department. Both the IDOP and the district court determined Hough's position with the department was considered merit-exempt. Hough now argues the department did not follow the correct procedure in classifying his job as professional, and even if it did comply with the rules of classification, he asserts the department's classification is wrong.

■ The department, as the employing agency, has the authority to designate its employees as professional or nonprofessional. *Id.* § 17A.2(2). Hough argues there was no appeal process available to him to challenge his job classification. However, Iowa Code chapter 17A addresses agency action and the appeal process. Specifically, state agency action may be challenged by requesting a contested case proceeding. *See id.* § 17A.12(9) (1997).[1] Hough could have challenged his "professional staff" classification to the department in 1998 at the time of his last promotion to a merit-exempt position. *See id.* §§ 17A.2(2) (1997) (agency action), 17A.12(9). Additionally, when Hough brought his challenge to the IDOP, he could have challenged his employment classification pursuant to Iowa Administrative Code rules 581—3.4(3) (1997) (position classification reviews may be initiated by incumbent) and 3.5 (1997) (articulating procedure for classification appeals).

■ Hough has articulated that he could not have challenged his job classification at the time of any of his promotions. He argues there was no cause to challenge the classification because there was no injury present until he was fired. At first blush, this argument is appealing. However, there were real ramifications at the time Hough was promoted to his final position before termination. All of the evidence shows Hough was aware of his classification. He had been working for the department for twelve years. Certainly during this span of time, Hough became familiar with the difference between a

---

1. Not all agency action requires a contested case procedure. *Sindlinger v. Iowa State Bd. of Regents,* 503 N.W.2d 387, 389 (Iowa 1993) (citing *Polk County v. Iowa State Appeal Bd.,* 330 N.W.2d 267, 276–77 (Iowa 1983)). Contested case hearings are appropriate when the "legal rights, duties, or privileges of a party are required by constitution or statute to be

determined by the agency after an opportunity for an evidentiary hearing." *Id.* at 389 n. 1 (citing Iowa Code § 17A.2(2) (1991)). When no statutory or constitutional rights are involved, an adjudication may be reached through an informal hearing process and reviewed as "other agency action," not as a contested case. *Id.*

merit and a merit-exempt employee. In 1998, when Hough was promoted for the final time, his classification as "professional staff" carried with it real significance. Binding arbitration and collective bargaining were not available to Hough. Most importantly, he was classified as an at-will employee. The nature of his employment was that he worked at the pleasure of the director of the department. *See Lee v. Halford*, 540 N.W.2d 426, 429 (Iowa 1995) (purpose of exempting employees from merit system is to assure that certain policymaking employees should serve at the pleasure of the agency head). This meant from the day of his promotion, the department could have fired him at any time and for any reason not in violation of public policy. Hough did not have any property interest in continuing employment. *See id.* Because these potentially negative consequences of his classification were apparent from the date of promotion, Hough should have challenged his "professional staff" status in 1998.

Because Hough did not challenge the classification, we have no ruling from the department to review on appeal. As such, we find Hough failed to exhaust his administrative remedies. *See* Iowa Code § 17A.19(1) (2001) (requiring exhaustion of administrative remedies before judicial review of the matter). For the purposes of this appeal, we accept the department's conclusion that Hough's position was properly classified as "professional staff" and therefore merit-exempt.

Even assuming, arguendo, Hough did not fail to exhaust his administrative remedies, we find substantial evidence in the record to support the department's

classification. Hough's assertion that he was unaware of his position as a merit-exempt employee is unconvincing. The facts and circumstances of this case lead to the conclusion that Hough knew he was classified as "professional staff."

The facts as they were known to Hough are the following. In 1987, Hough began his career with the Iowa Department of Economic Development working as an Administrative Assistant IV. His first position was classified as exempt. Hough signed a letter accepting his employment as a non-merit employee. Hough was subsequently promoted twice. His first promotion was to the position of Public Service Executive 3, a full-time, non-merit system position.[2] After yet another promotion in 1998, Hough worked as Public Service Executive 4, also a full-time, non-merit covered position. As to this position, Hough again signed a letter accepting the terms of his employment as being "exempted from merit rules." Hough received each promotion without going through the procedures of the merit system. *See id.* § 19A.2A; Iowa Admin. Code r. 581—5 (2000). Hough's former supervisor testified the department considered Hough "professional staff" and exempt from the merit system. The pay stubs attached to checks from the state payroll system clearly showed Hough's final position was that of a "permanent, full time, non-merit" employee.

The nature of Hough's position was that of "professional management program services," supervisory services and skills, administration of programs, development of procedures and policies, and selection of personnel. Hough also served as the co-

---

2. On appeal, we do not review whether the positions Hough held before his 1998 promotion were properly classified as merit-exempt. The fact that Hough had two other positions—both of which were merit-exempt—before he was promoted to Public Service Executive 4 shows Hough was aware of the nature of his job classification before his final promotion.

leader of community volunteerism and leadership, co-team leader of the business development team, and the department representative on the Rural Development Council. He was involved in the community development fund.

Considering the above facts, we turn to the definition of "professional staff" to determine whether substantial evidence shows Hough's position was properly classified. Neither the Iowa Code nor the administrative rules define the phrase "professional staff" as contemplated by Iowa Code section 15.106(2). Hough contends we should adopt the definition of "professional employee" found in Iowa Code chapter 20.[3] We decline to do so. The legislature created chapter 20 to apply exclusively to public employees subject to collective bargaining agreements. *See* Iowa Code § 20.1 (1997). Because Hough is a merit-exempt employee, he is not entitled to collective bargaining, among other things. Iowa Code section 15.106(2) says "professional staff" is exempt from the merit system. This section does not refer to the definition of "professional employee" in chapter 20. The legislature enacted chapter 20 (Collective Bargaining) twelve years before it enacted chapter 15 (Department of Economic Development). *See* 1974 Iowa Acts ch. 1095, § 3 (codified at

Iowa Code § 20.3(9)); 1986 Iowa Acts ch. 1245, § 806 (codified at Iowa Code § 15.106(2)). There is nothing in the code that suggests the legislature intended we apply the chapter 20 definition to Iowa Code section 15.106(2).

The term "professional staff" is not defined, in part, because the legislature intended to grant flexibility to existing agency heads and ensure successors would have the same flexibility as to the members of their professional staff. *See Lee*, 540 N.W.2d at 429. Because the legislature left "professional staff" undefined, we look to the ordinary, commonly understood meaning of the word. The American Heritage Dictionary defines "professional," in relevant part, as "Having great skill or experience in a particular field or activity." The American Heritage Dictionary 989 (2d college ed.1985). A professional is "One who has an assured competence in a particular field or occupation." *Id.* "Staff" is the "personnel who assist a director in carrying out an assigned task." Webster's Collegiate Dictionary 1140 (10th ed.2002). Iowa Code section 15.106(2) does not say "professionals" are merit exempt. Rather it states "professional *staff*" is merit exempt. The word "staff" makes the scope of those who are considered a member of the professional staff even more broad.

---

**3.** Hough advocates the use of "professional employee" in chapter 20, in part, because if we were to adopt this definition, we would be compelled to find Hough was not a "professional employee," and hence is covered by the merit system. Iowa Code section 20.3(9) defines "professional employee" in relevant part as:

   *a.* An employee engaged in work:
   (1) Predominantly intellectual and varied in character as opposed to routine mental, manual, mechanical or physical work;
   (2) Involving the consistent exercise of discretion and judgment in its performance;
   (3) Of such a character that the output produced or the result accomplished can-

not be standardized in relation to a given period of time; and
   (4) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual learning or a hospital, as distinguished from a general academic education or from an apprenticeship or from training in the performance of routine mental, manual, or physical processes.
Iowa Code § 20.3(9)(*a*) (1997). There is no evidence in the record showing Hough satisfies the fourth requirement using this particular definition of "professional employee."

The ordinary meaning of "professional staff" precisely describes the nature of Hough's work as shown by the record. Hough served in high-level positions. One of his job titles included the word "professional." He worked in management and supervisory positions and operated at the policy-making level. When Hough was first hired by the department in 1987, the department described Hough saying

> Mr. Hough has advanced educational training and over ten years experience in economic development through varied responsibilities with the Chamber of Commerce resulting in his present position of Executive Vice President for the Harlan Chamber of Commerce and the Harlan Industrial Foundation.

> He has progressively responsible offices in a number of organizations including the Vice Chair of the Regional Coordinating Council for Economic Development.

Hough's ten years of experience in economic development certainly supports the conclusion that he was "professional staff." Hough earned approximately $75,000 per year for his work with the department. Given all of the above circumstances, a reasonable person could conclude Hough was properly classified as "professional staff."

In sum, there is substantial evidence to conclude Hough was aware of his classification as a merit-exempt employee. If he was dissatisfied with that classification, he should have challenged it at his promotion in 1998. The classification has only now become an issue because of his termination. In the time prior to the termination, Hough repeatedly accepted the department's designation of his position as "professional" and merit-exempt. He received the benefits of his classification as merit-exempt and now wants the protection of the merit system. Hough failed to avail himself of the review processes for employment classifications. When the department designated Hough's position as "professional staff," it acted with statutory authority. *See* Iowa Code § 17A.2(2). The department's action was reasonable and supported by substantial evidence. Based upon the evidence, the IDOP correctly denied Hough a contested case hearing to challenge his termination.

## C. Termination Procedure

Hough argues his termination constituted a reduction in force by the department. A "reduction in force" is a concept addressed within the statutes applicable to merit system employees. The Iowa Administrative Code provides:

> A reduction in force (layoff) may be proposed by an appointing authority whenever there is a lack of funds, a lack of work or a reorganization. A reduction in force shall be required whenever the appointing authority reduces the number of permanent merit system covered employees in a class or the number of hours worked, ... by a permanent merit system covered employees in a class, except as provided in subrule 11.3(1).

Iowa Admin. Code r. 581—11.3 (2001). The administrative code goes on to say "A reduction in the number of, or hours worked by, permanent employees not covered by the merit system provisions" shall not constitute a reduction in work force. Iowa Admin. Code r. 581—11.3(1)(*g*). The applicable IDOP administrative provisions articulate the procedure to be followed in the event of a reduction in work force. The provisions also provide a method for review of the department's action in reducing its force. Iowa Administrative Code rule 581—12.2(7) provides

> An employee who is to be or has been laid off or who has changed classes in

lieu of layoff, and who alleges that the reduction in force was used to circumvent the rights of appeal provided for in subrule 12.2(6) or subrule 12.2(1), paragraph "a" or "d," may file an appeal with the director within 30 calendar days following receipt of the notice of reduction in force to the employee from the appointing authority.

Iowa Admin. Code r. 581—12.2(7).

Hough argues he is entitled to the appeal process outlined in Iowa Administrative Code rule 581—12.2(7). To be entitled to the protections of this appeal process, Hough's termination must be considered a "reduction in force" and Hough's position must be classified as covered by the merit system. Because we have concluded Hough's job classification was professional and merit exempt, we do not address whether his termination constituted a reduction in force.

## IV. Conclusion

Hough did not exhaust his administrative remedies to challenge his job classification as "professional" and merit-exempt. Even if this issue were appropriate for judicial review, we find substantial evidence to support the department's classification. Because Hough is a non-merit system, professional employee, he is not entitled to appeal his termination pursuant to Iowa Administrative Code rule 581—12.2(7). We affirm.

**AFFIRMED.**

All justices concur except LARSON, J., who takes no part.