# IN THE COURT OF APPEALS OF IOWA

No. 18-0622
Filed May 1, 2019

**REICHER ELECTRIC, INC.,**
        Plaintiff-Appellant,

**vs.**

**ATUL PATEL and SHRI GANAPATI & BAJRANGBALI, INC., an Iowa Corporation, d/b/a FAIRFIELD INN & SUITES,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Black Hawk County, John J. Bauercamper, Judge.

        A subcontractor appeals a district court order denying a claim for unjust enrichment. **AFFIRMED.**

        Dan McClean of McClean & Heavens Law Offices, Dyersville, for appellant.

        Max E. Kirk of Ball, Kirk & Holm PC, Waterloo, for appellees.

        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Reicher Electric, Inc. (Reicher) appeals the district court's ruling in favor of Atul Patel and Shri Ganapati & Bajrangbali, Inc. (SGB). Reicher contends SGB was unjustly enriched by receiving the benefit of work when Reicher was not paid. We find Reicher did not establish a direct contract between Reicher and SGB and cannot support a claim of unjust enrichment.

## I. Background Facts & Proceedings

On August 19, 2013, SGB entered into a construction contract with general contractor Main Street Developers (MSD), a Wisconsin company, to build a commercial hotel property in Waterloo.[1] The contract specified a firm price of $4,450,000 and required any changes or substitutions be approved by SGB in writing. Under the agreement, MSD was to "provide all labor, materials, equipment and services necessary to complete the Work." The contract had as an exhibit a list of items to be provided by MSD, including "Interior Lighting Fixtures (Permanent)."

MSD hired Reicher for the electrical work on the hotel. The contract provided MSD would pay Reicher $300,000 for the electrical work. After the project began, MSD approached Reicher and asked for assistance in obtaining the lighting fixtures; Reicher agreed for a price of ten percent of the cost of the lighting.

---

[1] The parties' appendix violates the clear requirements in Iowa Rule of Appellate Procedure 6.905(2)(b). In particular, this appendix does not contain the initial pleadings between these parties, a copy of the order in question, a list of relevant docket entries, or relevant portions of the transcript (though a list of relevant transcript portions was included). The briefs refer to documents not included in the appendix. The failure to compile a minimally-adequate appendix forces the court to search a record of over 2000 pages for basic information and impedes the efficiency of this court's ability to address the issues in a timely manner.

Reicher approached Crescent Electric Supply Company (Crescent) to supply the necessary materials. Following an initial partial estimate from Crescent, MSD provided $70,000 to Reicher for lighting fixture orders.

After work had already begun, Reicher and Atul Patel, president of SGB, met with a hotel chain representative who suggested converting to LED lighting and provided a "spec book" of appropriate fixtures. Reicher informed Patel while the conversion would save electric costs, it would cost more upfront. Reicher claims Patel said to change to the LED lighting. Patel testified he never received a quote for the lighting and did not have a formal meeting with MSD regarding the LED lighting. No change orders were submitted to SGB or approved for electric work or light fixtures.

MSD was not present at either LED lighting meeting, but was aware Reicher was ordering and installing LED lights. The owner of MSD testified the change in lighting was a separate agreement between Reicher and Patel that MSD was not part of, and he denied MSD was responsible for paying for the LED lighting. Numerous other changes to Reicher's work were requested, including electric car charging stations, floor boxes in the conference room, rewiring offices, adding notification lights to sump pumps, and additional outlets. Reicher also had to rewire for some appliances when fixtures provided by MSD did not match the electrical requirements on the plans Reicher was working from. Reicher included costs for all changes in its bill to MSD.

From January 2014 through April 2015, Reicher ordered lighting fixtures from Crescent. Crescent ordered and Reicher installed the LED lights listed in the hotel chain's "spec book." As the $70,000 was paid over time by MSD, Reicher

made payments to Crescent; no other party made payments on the light fixtures ordered for the hotel. At the end of the project, Reicher still owed $106,209.31 to Crescent. Reicher provided all the invoices to MSD, and MSD indicated Reicher probably would not get paid for everything. One week before completion, Reicher raised the issue of payment with Patel and SGB.

Around the time of opening the hotel, MSD walked off the project without issuing a statement of substantial completion. After discovering MSD and SGB would not pay for the LED lighting and extra work performed, Reicher refused to do additional uncontracted work on the project. Reicher did not complete rebate forms for the lighting installed and did not complete warranty work in the hotel.[2] Some lighting materials were returned to Crescent, but some of the items were special order or outside the time period for returns and Reicher could not get refunds for them.

Crescent filed a mechanic's lien on July 23, 2015, for $104,388.94, naming Reicher as general contractor for the building owned by SGB. On August 14, 2015, nearly four months after completing its work on the hotel, Reicher filed a mechanic's lien against SGB for items provided between December 2014 and April 2015, claiming a sum of $191,805. It appears Reicher's mechanic's lien is still outstanding.

On November 11, Crescent filed a petition at law against Reicher for breach of contract, quantum meruit, unjust enrichment, and statement on account. Crescent requested relief of the principal due plus statutory interest and court

---

[2] According to Reicher, the rebates would have been worth approximately fifteen to twenty thousand dollars.

costs. On June 2, 2016, Reicher filed a cross-petition for breach of contract, quantum meruit, and unjust enrichment against Patel and SGB as third-party defendants. Reicher did not name MSD in the petition. Reicher claimed to have entered into an oral contract with Patel and SGB for the installation of electrical fixtures and lighting at the hotel and to have conferred benefit in the form of material, services, labor, and time for which the company is entitled to the reasonable value. Reicher's requested relief included full contribution and indemnity, attorney fees, court costs, and interest.

On June 1, 2017, the district court entered a judgment order agreed to by Crescent and Reicher in favor of Crescent, entering a judgment of $119,207.60 against Reicher.[3] On June 8, the cross-petition between Reicher and SGB was tried to the court.

On February 10, 2018, the court filed its findings of fact, conclusions of law, judgment and decree. The court found no express contract—written or oral—existed between Reicher and SGB. The court then noted changes in a contract between a general contractor and subcontractor do not create a contract between the subcontractor and the owner. Without contractual privity, the court ruled "no common law remedy of restitution is available." Reicher appeals only the issue of unjust enrichment.

## II. Standard of Review

"A claim for unjust enrichment 'arises from the equitable principle that one shall not be permitted to unjustly enrich oneself by receiving property or benefits

---

[3] The judgment included both Reicher's outstanding balance with Crescent, statutory interest, and court costs.

without making compensation therefor.'" *Legg v. W. Bank*, 873 N.W.2d 763, 771 (Iowa 2016) (quoting *Ahrendsen ex rel. Ahrendsen v. Iowa Dep't of Human Servs.*, 613 N.W.2d 674, 679 (Iowa 2000)). The district court expressly noted the case was being tried at law without objection from the parties. Therefore, our review is for correction of errors at law. *See* Iowa R. App. P. 6.907; *Pursell Constr., Inc. v. Hawkeye-Sec. Ins. Co.*, 596 N.W.2d 67, 69 (Iowa 1999).

### III.  Analysis

In *Henning v. Security Bank*, 564 N.W.2d 398, 401–03 (Iowa 1997), our supreme court analyzed the rights and remedies available to subcontractors in comparison to general contractors. While general contractors have common-law remedies for the value of materials and labor in addition to statutory mechanic's lien rights, these remedies are based on the existence of express or implied contracts. *Henning*, 564 N.W.2d at 402. Because the subcontractor's contractual relationship is with the general contractor, contractual and common-law remedies are against the contractor, not the owner. *Id.* at 403 (citing Roger W. Stone, *Mechanic's Liens in Iowa*, 30 Drake L. Rev. 39, 45–46 (1980)). Iowa's mechanic's lien law provides the means of recovery by a subcontractor against the property owner. *Id.* The court found in the absence of a contractual arrangement with the owner, subcontractors do not have a common-law right of action based on implied contract or unjust enrichment for the work and materials furnished. *Id.* at 399.

In order to prove a right to a common-law recovery, Reicher had to prove a direct contract with SGB—either express or implied. The district court found no express contract existed directly between Reicher and SGB. SGB's fixed-price contract with MSD specifically assigned the responsibility to provide the permanent

interior lighting fixtures to the contractor. MSD then delegated that job to Reicher as an addition to their original contract. "The law will not imply a contract where there is an express contract." *Clemens Graf Droste Zu Vischering v. Kading*, 368 N.W.2d 702, 712 (Iowa 1985). An express contract supersedes an implied contract. *Welte Ins., Inc. v. Big Red Lighting & Elec., Inc.*, No. 11-0254, 2011 WL 5391616, at *7 (Iowa Ct. App. Nov. 9, 2011). Because the contract between the owner and general contractor expressly covers permanent interior lighting fixtures, and MSD then contracted with Reicher on the light fixtures, we cannot find an implied contract between Reicher and SGB.

Reicher's primary remedies as a subcontractor on the project are contractual actions against the general contractor. If the principal contractor becomes insolvent or otherwise defunct, then our mechanic's lien law provides a means of recovery. *Louie's Floor Covering, Inc. v. DePhillips Interests, Ltd.*, 378 N.W.2d 923, 927 (Iowa 1985). It does not appear from the record before us that Reicher has sought recovery from MSD or attempted to foreclose its mechanic's lien. We find Reicher has not established the express contract between Reicher and SGB necessary to support a claim of unjust enrichment and is limited to recovery from MSD or through its mechanic's lien.

**AFFIRMED.**